THE STATE OF OHIO, APPELLEE, *v.*
CARLSON, APPELLANT.

(No. 50359 — Decided April 28, 1986.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Hyman Friedman,* county public defender, and *Patricia Walsh,* for appellant.

NAHRA, J. This is an appeal from the common pleas court of a jury verdict finding Richard Carlson, defendant-appellant, guilty of felonious assault with a gun specification. The following facts give rise to this appeal.

It is undisputed that Richard Carlson shot Joe Thompson on December 8, 1983. Carlson was tending bar in the OxBow Saloon at the time of the shooting. Joe Thompson was the only other person on the premises. Thompson testified that the defendant walked up to where he was sitting and shot him without provocation.

Carlson claimed that Thompson was drunk and became upset when he was told the bar was closing. He threw a can of beer at Carlson which hit Carlson on the head. Thompson then started to climb over the bar. Carlson pulled a gun from the bar and told Thompson to stop where he was. Thompson then said, "Your [*sic*] going to kill me or I'm going to kill you." He then started forward again and Carlson shot him once in the chest.

Carlson immediately called the police and reported the shooting. Thompson was taken by ambulance to a hospital where he stayed for a month. As a result of the shooting, Thompson lost his spleen and a kidney.

The defendant was charged with felonious assault. He admitted the shooting but claimed self-defense. He was found guilty and sentenced to a term of three to fifteen years with three years' actual incarceration on the gun specification. He timely appealed.

I

The appellant's first assignment of error is:

"I. The trial court erred by unduly limiting cross-examination of witnesses

and by excluding evidence relevant to appellant's defense of self-defense and thereby deprived appellant of his rights to confrontation of witnesses, compulsory process and due process of law as guaranteed by the United States and Ohio Constitutions."

The appellant argues that the court erroneously excluded evidence relevant to the appellant's affirmative defense of self-defense.

The court through a series of erroneous evidentiary rulings excluded any evidence which would have established the appellant's state of mind. The excluded evidence would have tended to show that the appellant feared the victim because he was aware of other violent acts of the victim. We find that this exclusion was prejudicial.

The court erred by excluding the appellant's testimony about prior violent acts of the victim that he, the appellant, was aware of at the time of the shooting. A defendant, when arguing self-defense, may testify about specific instances of the victim's prior conduct in order to establish the defendant's state of mind. *McGaw* v. *State* (1931), 123 Ohio St. 196, 174 N.E. 741. These events are admissible in evidence, not because they establish something about the victim's character, but because they tend to show why the defendant believed the victim would kill or severely injure him. *State* v. *Randle* (1980), 69 Ohio App. 2d 71, 73, 23 O.O. 3d 98, 99-100, 430 N.E. 2d 951, 953. In the instant case, the court prevented the appellant from testifying that he had witnessed Thompson's violent behavior in several bars. This ruling resulted in the appellant's bare statement that he was afraid of the victim, being the only evidence of his state of mind reaching the jury.

The prosecutor points to the absence of a proffer and argues that this precludes a finding of error. However, Evid. R. 103(A)(2) excuses the need for a proffer where the substance of the evidence is apparent from the context. A review of the record demonstrates that the appellant would have testified that he was aware of other barroom fights that Thompson was involved in and that these incidents contributed to his fear of Thompson at the time of the shooting.

The appellant also argues that the trial court erred by limiting the cross-examination of the victim. The appellant was prevented from cross-examining Thompson about other fights he had been in. Evid. R. 608 provides in pertinent part:

"(B) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, * * * may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, * * *."

A trial court abuses its discretion when it unduly limits cross-examination of the victim, on an issue affecting credibility, when the victim's testimony is vital to the state's case. *State* v. *Ferguson* (1983), 5 Ohio St. 3d 160, 166, 5 OBR 380, 386, 450 N.E. 2d 265, 270. In the instant case, the victim had previously stated that he was friendly when he had a few drinks. The questions the defense tried to ask concerning Thompson's involvement in a series of barroom fights would have impeached the "friendly" statement by showing that he became belligerent after drinking. The credibility of the victim was a critical issue, because the victim and defendant were the only witnesses to the shooting and they had dramatically opposing stories. We hold that the trial court abused its discretion by unduly limiting the cross-examination of the victim.

The appellant argues that the trial court erred when it refused to permit defense witnesses to testify about the victim's involvement in other barroom

fights. These witnesses were permitted to testify about the victim's reputation for violence[1]; however, the appellant contends the court erred under Evid. R. 405(B) which he argues permits the introduction of specific acts to show the victim's violent character. Evid. R. 405(B) provides that:

"Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct."

The victim's character is not an essential element of self-defense. The elements of self-defense are:

"* * * (1) the slayer was not at fault in creating the situation giving rise to the affray; (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the slayer must not have violated any duty to retreat or avoid the danger. (*State* v. *Melchior,* 56 Ohio St. 2d 15, approved and followed.)" *State* v. *Robbins* (1979), 58 Ohio St. 2d 74, 12 O.O. 3d 84, 388 N.E. 2d 755, paragraph two of the syllabus.

The victim's character is not an essential element of self-defense.[2] The court correctly excluded this evidence. See *State* v. *Billups* (Oct. 10, 1985), Cuyahoga App. No. 49598, unreported; *State* v. *Washington* (Oct. 15, 1981), Cuyahoga App. No. 43219, unreported; *Jones* v. *State* (Ark. App. 1981), 615 S.W. 2d 388 (In a murder trial, Uniform Rule of Evidence 405[b] forbids the introduction of specific acts of the victim because decedent's character as an ag-

gressive person was not an essential element of defendant's claim of self-defense.).

The assignment has merit.

## II

The appellant's second assignment of error is:

"II. The trial court erred by excluding evidence of the alleged victim's pending civil suit against the bar and the bar owner as a result of the instant case and thereby deprived appellant of his right to compulsory process and to due process of law."

The appellant argues that the court committed prejudicial error by excluding direct evidence of the victim's pending civil suit against the bar.

The Supreme Court has held that evidence of a pending civil suit by the victim demonstrates bias because the victim has a pecuniary interest in the outcome of the proceeding. *State* v. *Ferguson* (1983), 5 Ohio St. 3d 160, 165-167, 5 OBR 380, 385-386, 450 N.E. 2d 265, 269-271. The court held that the trial court abused its discretion by not permitting cross-examination of the victim about her pending civil suit. The court stated the bias demonstrated by this pecuniary interest should have been considered by the jury. Its exclusion was prejudical because the credibility of the victim was a critical factor. In the instant case, the victim's motive to lie was identical to the victim's in the cited case and his credibility was also a critical factor.

We find that direct extrinsic evidence of the civil suit was admissible to show bias even though the victim had not been previously confronted with this

---

[1] One character witness' testimony was incorrectly stricken because the prosecutor protested that it was opinion testimony as opposed to reputation testimony. Evid. R. 405(A). This exclusion was not raised as error on appeal.

[2] An example of character being an essential element of a charge, claim or defense is negligent entrustment. See Staff Note to Evid. R. 405(B).

information. Evidence of bias does not require the same foundation as a prior inconsistent statement. *State* v. *Kehn* (1977), 50 Ohio St. 2d 11, 4 O.O. 3d 74, 361 N.E. 2d 1330. The court stated in *Ferguson* that a witness' pecuniary interest in a related civil suit may demonstrate bias. *State* v. *Ferguson, supra.*

The exclusion of evidence of the pending civil suit constitutes prejudicial error.

The assignment has merit.

Judgment reversed and remanded for new trial.

*Judgment reversed and cause remanded.*

JACKSON, P.J., and KRUPANSKY, J., concur.