872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris Lee BROWN, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 88-3758.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1989.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and CHARLES M. ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed.
 
 
 3
 Morris Lee Brown moves to supplement the certified record and appeals from the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Following a jury trial, Brown was sentenced to life imprisonment for aggravated murder. The Ohio Court of Appeals affirmed the conviction and the Ohio Supreme Court overruled his motion for leave to appeal. His counsel raised two issues at the state level: (1) the court erred in failing to admit the evidence in a murder prosecution of the victim's reputation and his propensity for violence, and (2) the court erred in failing to grant the motion for acquittal when the state failed to introduce sufficient evidence on the elements of prior calculation, design, and murder. Thereafter, Brown filed a pro se motion seeking leave to file three supplemental assignments of error, which the Ohio Court of Appeals granted. These grounds were as follows: (1) the trial court committed prejudicial error when it substituted trial judges who were unfamiliar with the trial; (2) the trial court committed prejudicial error when the substitute trial judge and administrative judge failed to report the expiration of six months without trial to the Chief Justice of the Supreme Court; and (3) the trial court committed prejudicial error when it tried Brown on an indictment without a preliminary hearing. Brown then raised two of these five issues in his state petition for a writ of habeas corpus. The court dismissed the case, finding that it did not present a substantial constitutional question. Brown then filed his federal habeas petition alleging nine grounds for relief:
 
 
 4
 1. The trial Court infringed on petitioner's right to present a defense and denied him a fair trial as well as due process, where the prosecutor "opened-the-door" as to the victim's good character but the trial court then excluded petitioner's rebuttal evidence on the issue.
 
 
 5
 2. The petitioner was denied a fair trial and due process of law and his confinement is unlawful because the prosecutor urged the jurors to convict petitioner due to irrelevant courtship affairs; because the prosecutor claimed that all defense witnesses conspired to fabricate testimony, and because the prosecutor constantly assassinated the character of petitioner and proclaimed him a major criminal.
 
 
 6
 3. The trial court's instruction that petitioner must explain his alleged "flight" from the crime scene shifted the burden of proof and is thus depriving him of due process of law.
 
 
 7
 4. Petitioner's right to present a defense was stripped and he was denied a fair trial and due process of law because of the trial court's "hypothetical" instruction, where that instruction was not designated as "hypothetical" and it implied that petitioner was in "no position" to claim self-defense.
 
 
 8
 5. In self-defense trial where petitioner alleged that his fear was induced partly by verbal threats, petitioner was denied a fair trial and due process where the trial court instructed that verbal words, "no matter how provocative", cannot justify the use of deadly force.
 
 
 9
 6. The cumulative effect of the trial court's "hypothetical", "flight", and the "verbal words" instructions deprived the petitioner of a fair trial and due process of law.
 
 
 10
 7. Petitioner was deprived due process of law and a fair trial by virtue of the trial judge's comments.
 
 
 11
 8. The Ohio state courts denied the petitioner his right to redress grievances, and also denied him the due process of law, where it failed to address his arguments and allowed fraudulent conveyances to serve as bar to adjudicating the issues in grounds one through seven of this petition.
 
 
 12
 9. The verdict is not supported by sufficient evidence and is thus without due process where the State did not prove "prior calculation and design" beyond a reasonable doubt, particularly where Ohio law does not provide or did not apply any meaningful distinction between that element and the requisite "specific intent to kill." Petitioner was punished twice for the culpability.
 
 
 13
 The district court dismissed the petition as meritless and because Brown failed to properly raise seven of these grounds in the state courts. Petitioner raises these same issues on appeal.
 
 
 14
 Brown raised only the first and ninth issues at the state level; he did not present the other seven issues to the state courts. Unless an exception applies, his petition containing these issues which were not presented to the state court may be dismissed for failure to comply with the total exhaustion rule if he still has an available remedy to pursue in the state courts. See Rose v. Lundy, 455 U.S. 509 (1982). In this case, however, Brown could have raised six of the seven issues in his direct criminal appeal, but he failed to do so. Brown is therefore barred from returning to the state courts for consideration of these issues, as a remedy for further exhaustion is simply not available. See Keener v. Ridenour, 594 F.2d 581, 589 (6th Cir.1979) (quoting State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967)). Because remedies are not available to Brown at the state level, this suit may not be dismissed for lack of exhaustion of available remedies. Rather, Brown must show cause and prejudice to excuse his failure to present these issues in state court in order to obtain review of these issues in federal court. See Ferguson v. Knight, 809 F.2d 1239, 1242 (6th Cir.1987); Ewing v. McMackin, 799 F.2d 1143, 1148-50 (6th Cir.1986). These issues are not reviewable in this action because Brown has unequivocally failed to show the requisite cause and prejudice to excuse his failure to present them in the state courts. Although Brown attempts to show cause by claiming in his objections to the magistrate's report and recommendation that his request for the trial transcript was denied, he later stated that he was in fact sent the transcript.
 
 
 15
 Brown's issue enumerated number eight is simply not a cognizable challenge to his conviction as he complains of denial of redress of grievances on appeal. The issue is also vague and confusing and appears to complain about the state court's correct denial of his untimely attempt to supplement the record. Thus, this issue was properly dismissed as meritless.
 
 
 16
 Proceeding to the merits, we conclude the district court properly dismissed the two claims which Brown properly presented to the state courts.
 
 
 17
 The district court correctly decided that Brown was not denied a fundamentally fair trial by the trial court's decision to exclude evidence of previous criminal convictions of Brown's victim. In essence, Brown challenges a ruling governing admissibility of evidence. Such questions are ordinarily not reviewable on a writ of habeas corpus. See Bell v. Arn, 536 F.2d 123, 125 (6th Cir.1976). In order to justify the writ of habeas corpus, errors of state law, including evidentiary rulings, must result in the denial of fundamental fairness. See Walker v. Engle, 703 F.2d 959, 962 (6th Cir.), cert. denied, 464 U.S. 951 (1983). At trial, Brown sought to introduce evidence of the victim's criminal record. Under Ohio law, a criminal defendant may only introduce evidence of specific instances of the victim's behavior or the victim's reputation for violence when he personally knows of these instances. See State v. Carlson, 31 Ohio App.3d 72, 73, 508 N.E.2d 999, 1000 (1986). The trial court noted that petitioner was permitted at trial to testify concerning his personal knowledge of the victim's reputation for violence, and that the victim had threatened petitioner. However, there was no evidence that Brown was aware of the victim's previous criminal convictions. Thus, Brown's lack of personal knowledge with regard to his victim's criminal history prevented introducing this evidence at his trial. Brown therefore failed to show that his constitutional right to fundamental fairness was violated when the trial court refused to permit him to introduce this evidence. Thus, his first ground is without merit.
 
 
 18
 Brown's ninth ground is likewise without merit. In essence, Brown alleged that there was insufficient evidence to convict him. The constitutional inquiry for reviewing the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 19
 The Ohio Court of Appeals set forth the following evidence as supporting the prosecution on the issue of prior calculation and design:
 
 
 20
 The testimony, as presented by the state on the issue of "prior calculation and design," showed that: 1) the appellant had left a message for the victim to contact the appellant (Tr. 235, 251); 2) that the appellant spoke to the victim, prior to the shooting, without any evidence of violence or anger (Tr. 65, 123, 181, 236); 3) that the victim followed the appellant to a parking lot located at 61st and Scovill (Tr. 74, 186); 4) that the victim followed the appellant into the parking lot (Tr. 71); 5) that the victim did not have a gun on his person when following the appellant in the parking lot (Tr. 233); 6) that the appellant removed a gun from a holster and placed it in the waistband of his pants while traveling to the parking lot which was the scene of the victim's death (Tr. 75); 7) that while walking in the parking lot, the appellant turned and drew his gun and then shot the victim (Tr. 191); and 8) that the appellant thereafter shot the victim an additional two times at close range (Tr. 78-79, 193, 244).
 
 
 21
 These factual determinations are binding on this court as Brown has not established by clear and convincing evidence that the findings are not fairly supported by the record. See Sumner v. Mata, 455 U.S. 591 (1982) (per curiam). We conclude that Brown has made no such showing in this case. Sufficient evidence was presented at trial upon which a reasonable person could reach a finding of guilty. Brown's second ground for appeal is therefore without merit.
 
 
 22
 For these reasons, the motion to supplement the certified record is hereby denied and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation