**The STATE of Ohio, Appellee,**

**v.**

**BLACKMON, Appellant.**

[Cite as *State v. Blackmon* (1998), 131 Ohio App.3d 465.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APA10–1386.

Decided Dec. 3, 1998.

*Ron O'Brien,* Franklin County Prosecuting Attorney, and *Joyce S. Anderson,* Assistant Prosecuting Attorney, for appellee.

*David J. Graeff,* for appellant.

PETREE, Judge.

Defendant, Anthony Blackmon, appeals his conviction in the Franklin County Court of Common Pleas for felonious assault with a firearm specification in

violation of R.C. 2903.11 and 2941.141, respectively. Defendant advances a single assignment of error for our review:

"The trial court commits prejudicial error in refusing to permit testimony of the violent character of the complaining witness."

On October 22, 1996, a Franklin County Grand Jury indicted defendant on one count of felonious assault in violation of R.C. 2903.11 and one count of aggravated burglary in violation of R.C. 2911.11. Both counts included firearm specifications. After a two-day trial commencing on July 21, 1997, the jury acquitted defendant of aggravated burglary, but found him guilty of felonious assault with the firearm specification. The trial court sentenced defendant to two years' imprisonment on the felonious assault charge and three years' imprisonment for the firearm specification.

According to the state's evidence, on September 16, 1996, Leroy Evans, Jr., was living with a friend, Latonya Sowers, and her two children, thirteen-year-old David Sowers and seven-year-old Ashley Blackmon, in an apartment on the northeast side of Columbus, Ohio. Ashley Blackmon is the daughter of defendant and Latonya Sowers.

At approximately 6:30 p.m., Latonya received a telephone call from defendant. Because he was standing next to the telephone, Evans could hear that defendant was "yelling and cussing" at Latonya. Evans grabbed the telephone and told defendant to stop shouting. Defendant told Evans that he "better be gone when I get there."

About ten minutes later, defendant arrived with Ashley, who had been visiting him. Evans remained in the apartment while Latonya went outside to meet her daughter. While Latonya and Ashley were still outside, defendant went inside the apartment. Evans and defendant began fighting. At some point, defendant took out a gun that he had concealed in a plastic bag and fired it at Evans. The bullet missed Evans, instead striking the couch behind him. Defendant then fled the apartment. He was apprehended by the police later that evening.

Defendant testified that on the day in question, he picked Ashley up from daycare and drove her to Latonya's apartment. Latonya came outside to greet Ashley. Defendant walked into the apartment to look at Ashley's aquarium. As soon as he entered the apartment, Evans attacked him. The two struggled for some time. In self-defense, defendant removed the gun from his back pocket and started hitting Evans in the head with it. As he did so, the gun accidentally discharged. After making sure Evans was uninjured, defendant drove away.

By his assignment of error, defendant contends that the trial court erred in not permitting him to introduce evidence of Evans's violent character.

During his cross-examination of Evans, defense counsel requested a sidebar conference during which he asked the court's permission to question Evans about his arrest the week before defendant's trial on charges that he choked Latonya's son David. Defense counsel also sought permission to question Evans about an allegation that he had slapped defendant's daughter, Ashley, sometime prior to September 16, 1996. Defense counsel argued that this evidence should be admitted to demonstrate Evans's tendencies toward violent behavior. The trial court sustained the state's objection to defense counsel's request. Defendant has filed this timely appeal.

Evid.R. 404(A) provides:

"(A) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions:

" * * *

"(2) *Character of Victim.* Evidence of a pertinent trait of character of the victim offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable."

■ At trial, defendant asserted that he acted in self-defense. When a person accused of attacking someone else asserts that he acted in self-defense, evidence of the alleged victim's character is admissible to demonstrate the defendant's state of mind at the time of the confrontation. *State v. Cuttiford* (1994), 93 Ohio App.3d 546, 547, 639 N.E.2d 472, 474. A defendant may introduce evidence of specific instances of a victim's prior violent conduct to demonstrate defendant's state of mind only if defendant had knowledge of the conduct. If the defendant was unaware of the victim's prior conduct, that conduct is irrelevant as it could not have affected the defendant's state of mind at the time of the confrontation. *State v. Marsh* (1990), 71 Ohio App.3d 64, 70, 593 N.E.2d 35, 38–39.

■ Defendant argues that the evidence regarding the incident with Latonya's son should have been admitted because it "shows the accused's state of mind at the time of the fight." We disagree. The alleged choking of Latonya's son occurred after the incident for which defendant stood trial. At the time of his confrontation with Evans, defendant could not have been aware of violent conduct by Evans that had not yet happened. Thus, the trial court correctly refused to permit evidence of a specific instance of Evans's conduct which could not have

been known to defendant and thus could not have affected defendant's state of mind at the time of the confrontation with Evans on September 16, 1996.

As to Evans's alleged slapping of Ashley, the court ruled only that defense counsel could not cross-examine Evans about the incident. The court did not prohibit defense counsel from raising the issue during direct examination of defendant. Had defense counsel questioned defendant, the trial court may have permitted defendant to testify about the incident pursuant to Evid.R. 404(A)(2), which, as previously noted, permits a defendant to testify about specific incidents of the alleged victim's violent behavior of which defendant was aware at the time of the confrontation. Defense counsel failed, however, to question defendant about the incident. Consequently, there was no showing that defendant was aware of this specific instance of Evans's violent behavior at the time of the confrontation.

Furthermore, even if defendant had testified that he was aware of the slapping incident at the time of his confrontation with Evans, such evidence, standing alone, does not support defendant's use of a firearm in self-defense against Evans. Evid.R. 404(A)(2) permits a defendant, in arguing self-defense, to introduce evidence of specific instances of a victim's prior violent conduct in order to establish why the defendant believed the victim would kill or severely injure him. *State v. Carlson* (1986), 31 Ohio App.3d 72, 73, 31 OBR 112, 113–114, 508 N.E.2d 999, 1000–1001. Defendant asserts that the evidence regarding Evans' slapping of Ashley demonstrated Evans's tendency toward violence and thus justified his belief that Evans would kill or severely injure him. Although this court certainly does not condone its use, we are aware that many people use corporal punishment as a way of disciplining children. Whether it was appropriate discipline or not, evidence that defendant was aware that Evans slapped Ashley on one prior occasion, without evidence that Ashley was injured, fails to establish that defendant was justified in using a firearm in self-defense against Evans. Accordingly, we hold that the trial court did not err in excluding the foregoing evidence. Defendant's assignment of error is not well taken.

For the foregoing reasons, defendant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and MASON, JJ., concur.