**WYANT, Appellee and Cross–Appellant,**

v.

**MARBLE, Appellant and Cross–Appellee.**

[Cite as *Wyant v. Marble* (1999), 135 Ohio App.3d 559.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–981020, C–990012.

Decided Oct. 29, 1999.

560

*Cohen, Todd, Kite & Stanford, L.L.C.,* and *John L. O'Shea,* for appellee and cross–appellant.

*White, Getgey & Meyer Co., L.P.A.,* and *Gregory A. Ruehlmann,* for appellant and cross–appellee.

*Per Curiam.*

This case is before us for a second time to evaluate the propriety of damages awarded for a breach of a sales contract in an action brought by the purchaser, plaintiff-appellee/cross-appellant Margaret H. Wyant, against the seller, defendant-appellant/cross-appellee Elizabeth W. Marble.

In our first consideration of this matter in June 1997, we affirmed in part and reversed in part, and remanded the case for further proceedings consistent with our decision.[1] Specifically, we affirmed the award of specific performance and maintenance damages, but we reversed the award of liquidated and lost-opportunity damages. In addressing the issue of liquidated damages, we reasoned that the trial court had improperly identified the event triggering the imposition of liquidated damages, and we concluded that because there was no evidence in the record relating to that triggering event, liquidated damages could not then be properly computed. Additionally, we stated that Wyant was not entitled to lost-opportunity income for the delay in the return of equity in the unsold property, but because Wyant also alleged that she had been denied an adequate return on the equity that she had kept liquid, we stated the following:

"Wyant is entitled to damages flowing from the costs she incurred to borrow the $201,000 purchase price beyond the time anticipated for closing. Evidence is of record that this cost was approximately $1200 per month. She may be entitled to other damages that the record demonstrates flow from the delay in closing accusant [*sic*] by Marble's willful inaction." (Citation omitted.) *Wyant v. Marble* (June 25, 1997), Hamilton App. No. C–960655, unreported, at 10, 1997 WL 346148.

As a result, we remanded the case to the trial court for a factual determination concerning what, if any, liquidated and additional damages should be awarded.

On remand, Marble filed *pro se* motions to compel discovery of evidence and to grant sanctions. At a proceeding on January 9, 1998, the trial court denied Marble's motions[2] and narrowed the damages issue to include a determination of additional damages only.[3] Following that proceeding, Marble obtained new

---

1. In the trial court's first decision in July 1996, Wyant was awarded specific performance of the contract and (1) liquidated damages, (2) maintenance costs of the property, (3) lost-opportunity income, (4) statutory interest on all damages, and (5) court costs. Marble subsequently appealed the decision, while simultaneously filing a motion to stay execution of the trial court's judgment pending the appeal. On October 31, 1996, we granted the motion to stay execution of the judgment and a motion to post bond. Specifically, we ordered that the use of the deed to the property as a bond would stay the execution of the judgment of the trial court pending the disposition of our decision.

2. The entry denying Marble's motions was file-stamped January 16, 1998.

3. In addressing liquidated damages on remand, defense counsel stated that he no longer wanted to address that issue. The relevant colloquy is as follows:

counsel, and, due to a conflict of interest, the original trial judge recused himself and a new judge was randomly assigned. On July 15, 1998, Marble's counsel filed a motion to compel discovery and to award sanctions, and a motion to vacate the trial date. The trial court granted the motion to compel "in so far as Plaintiff is ordered to answer Interrogatory numbers 3, 5, 6, and 7," but denied the motion for sanctions and the motion to vacate the trial date. In the final proceeding of record, which was conducted on October 23, 1998, the trial court indicated once again that it would not reopen the record due to the disposition language in our first decision. Specifically, the trial court stated:

"Whatever is in the record is in the record. If you want to have the record typed up or whatever, you may do that. My inclination is that the Court of Appeals sent this back for further proceedings and they don't say for retrial or rehearing. They say for further proceedings. I would assume we have to look into the record and whatever findings the Court of Appeals made we will base our decision from that."

Additionally, the trial court indicated that it felt constrained by language in our first decision suggesting that Wyant might have incurred approximately $1,200 a month in damages for obtaining an unsecured loan. Following the hearing, on December 11, 1998, the trial court awarded Wyant specific performance of the contract and damages in the following amounts:

"1. Maintenance costs in the amount of Five Hundred ($500.00) dollars per month from [A]ugust 1, 1995 to the date of closing;

"2. Borrowing costs in the amount of One Thousand Two Hundred ($1200.00) dollars per month from July 1, 1995 to the date of closing; and [sic],

"3. Statutory interest on (i) the damages for maintenance costs from July 19, 1996, to the date of closing, and (ii) the damages for borrowing costs from the date of this judgment, to the date of closing;

"4. Earnest money paid by Plaintiff Wyant to Defendant Marble at the time of the execution of the contract in the amount of Five Thousand Dollars ($5000.00)."

Marble now appeals the trial court's 1998 decision, advancing two assignments of error. In Marble's first assignment of error, she alleges that the trial court

---

"[Defense Counsel]: Right. What we were going to do, Judge—the way I read the decision is that they—and I'm—you may see the record differently, but I think the Court of Appeals saw the record, that since the plaintiff did not * * * meet the burden at the original trial of showing a date that they vacated, they awarded nothing for liquidated damages.
"THE COURT: Right.
"[Defense Counsel]: So I don't want to muddy the waters.
"THE COURT: You don't want to fool with that anymore?
"[Defense Counsel]: No, I don't."

erred in denying discovery on the issue of damages. In her second assignment of error, she contends that the trial court erred by not allowing the production of evidence on the issue of damages and in ordering Marble to pay damages not evidenced in the record. Wyant cross-appeals the 1998 decision, alleging that the trial court erred by denying the proffer of an expert's report on the issue of additional damages. Because all the assignments of error relate to evidentiary matters, we address them together.

It is well established that the trial court exercises discretionary power in controlling discovery practices.[4] Moreover, rulings on the admission of evidence generally rest in the sound discretion of the court and will not be reversed absent an abuse of that discretion amounting to prejudicial error.[5] An abuse of discretion connotes more than a mere error in judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.[6] The trial court's discretion is not without limits, and we will reverse where the court's decision prejudicially affects the substantial rights of a party.[7]

Apparently there was some confusion below concerning the significance of what was said in the first appeal, particularly with respect to the language assigning an approximate damage value to the unsecured loan allegedly obtained by Wyant. This confusion is best exemplified by the following passage in the trial court's 1998 decision:

"However, based also upon the Appellate Court decision as to Defendant Marble's fourth assignment of error, the court *must* find that Plaintiff Wyant 'is entitled to damages flowing from the costs she incurred to borrow the $201.000 [*sic*, $201,000] purchase price beyond the time anticipated for closing.'

"Therefore, pursuant to the Appellate Court decision, Plaintiff Wyant is awarded damages at the rate of One Thousand Two Hundred ($1200.00) Dollars per month from July 1, 1995 to the date of closing from Defendant Marble ('borrowing costs'), plus statutory interest from the date of this judgment to the date of closing." (Emphasis added.)

---

4. See *Mauzy v. Kelly Services, Inc.* (1996), 75 Ohio St.3d 578, 592, 664 N.E.2d 1272, 1283; *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 271, 569 N.E.2d 1056, 1058.

5. See *State v. Maurer* (1984), 15 Ohio St.3d 239, 265, 15 OBR 379, 401–402, 473 N.E.2d 768, 791.

6. See *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, 1142.

7. See *State v. Maurer, supra.*

■ Evidently, the trial court felt bound by the language in our first decision. We underscore, however, that an appellate court is not a trier of fact, and it may not substitute its judgment for that of the trial court on factual issues.[8] It is axiomatic that when an appellate court reverses a judgment and remands a case to the trial court for further proceedings, the effect is to place the case in the condition that existed before the error occurred, and the trial court must proceed from that point on remand.[9] Therefore, if we were to have determined as a matter of law that additional damages could be identified based on the record and that they should be awarded for a specific amount of money, then we would have either (1) awarded that specific amount in our decision or (2) instructed the trial court to enter the proper amount of damages. Because we did not make a legal finding as to the amount of damages but instead remanded the cause for a determination of the factual question of what, if any, liquidated or additional damages should be awarded, we hold that the trial court abused its discretion in not permitting discovery to be conducted or evidence to be presented relating to the issue of additional damages.[10]

■ Furthermore, we hold that Wyant and Marble were both prejudiced by the trial court's discovery denial and refusal to accept evidence relating to additional damages. In particular, Marble was prejudiced because she was denied an opportunity to discover what damages resulted from the unsecured loan allegedly obtained by Wyant.[11] Although the trial court did ultimately order Wyant to answer some limited interrogatories, this limited discovery order did not lead to substantial and meaningful discovery with respect to the issue of additional damages, because a factual question still remains as to whether Wyant had obtained an unsecured loan for the purchase of the property and, if so, whether Wyant actually suffered damages arising from that loan. Prejudice also resulted when Marble was precluded from presenting evidence relating to additional damages, particularly evidence relating to any damages incurred by Wyant as a result of the unsecured loan. Wyant was also prejudiced by the trial

---

8. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410.

9. See *Armstrong v. Marathon Oil Co.* (1987), 32 Ohio St.3d 397, 418, 513 N.E.2d 776, 795.

10. In our first decision, we determined that the trial court erred in its assessment of liquidated and lost-opportunity damages. On remand, however, Wyant's counsel stipulated at the January 1998 proceeding that Wyant would not pursue the issue of liquidated damages; accordingly, our review is limited to the production of evidence surrounding what, if any, additional damages Wyant may have suffered as a result of Marble's breach of contract.

11. We note that despite Marble's arguments to the contrary, she is not entitled to further discovery of maintenance damages incurred as of the trial date. In our first decision we affirmed maintenance damages in the amount indicated by the trial court; therefore, the trial court was precluded from re-evaluating that amount on remand.

court's exclusion of the proffered testimony. In our first decision, we indicated that Wyant might be entitled to additional damages. Because a closing has yet to occur,[12] it is possible that Wyant continues to suffer damages as a direct result of Marble's breach of contract. In sum, we hold that the trial court erred by not permitting meaningful discovery and presentation of evidence relating to the issue of additional damages, which includes, but is not limited to, evidence of whether Wyant obtained an unsecured loan, what, if any, damages Wyant suffered as a result of obtaining the unsecured loan, and additional damages incurred by Wyant following the trial in August 1996. As a result, we conclude that the trial court improvidently awarded damages, and we sustain Marble's first and second assignments of error and the assignment of error in Wyant's cross-appeal.

Accordingly, we reverse the judgment of the trial court as it relates to additional damages, specifically its award of $1,200 a month for borrowing costs on the unsecured loan and the earnest money,[13] and we remand this case for further discovery and presentation of evidence as to the issue of additional damages and a factual determination of what, if any, additional damages should be awarded.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., SUNDERMANN and WINKLER, JJ., concur.

---

**12.** Despite counsel's arguments that a closing has yet to occur because the deed to the property is being held as bond by this court, we see no reason why the parties cannot obtain the deed. The deed was only being held as bond pending our disposition of the first appeal; therefore, once we issued our first decision, the deed could have been recovered from the clerk of court by the proper procedures.

**13.** On a final note, we fail to see how the trial court can award both the return of the earnest money to the buyer and specific performance of the contract, because the earnest money was given to hold the contract open and because it was to be deducted from the purchase price.