OPINION
Defendant-appellant Richard D. Kelley II brings this appeal from the judgment of the Court of Common Pleas of Putnam County.
On June 23, 2000, Kelley was indicted on one count of domestic violence. Kelley pled not guilty on July 2, 2000. This charge was the result of an altercation between Kelley and his wife, Megan Johnson.[1]
Both parties alleged that the other started the fight. On September 19, 2000, a jury trial was held. During the trial, Johnson testified that they were fighting about Kelley's failure to speak clearly to their seven-month-old daughter. She also testified that Kelley attacked her first. Kelley testified that they were arguing because Johnson thought he liked his dog better than her and that Johnson attacked him first. In support of this testimony, Kelley wished to testify that Johnson had attempted to kill the dog the day before by dousing its face with Clorox bleach. Kelley took the dog to the veterinarian for treatment. The veterinarian was to be called to testify that Johnson hated the dog and wanted to harm it. The veterinarian was also going to testify that when she spoke to Johnson the day of the altercation, Johnson told her of her dislike of the dog and shouted profanities at her.
The trial court determined that Kelley wished to offer the veterinarian's testimony about her perceptions of Johnson's attitude toward his dog. This testimony was offered to support Kelley's claim that Johnson was the aggressor and he was just trying to protect himself and the dog. The trial court refused to permit the veterinarian to testify. Additionally, Kelley was not permitted to testify to any other instances when Johnson had attacked the dog or him. Kelley was subsequently found guilty.
Kelley raises the following assignments of error.
 The trial court committed prejudicial error toward Kelley by excluding evidence that would tend to establish his credibility.
 The trial court committed prejudicial error toward Kelley by excluding evidence essential to his defense of self-defense.
Both assignments of error address the trial court's exclusion of evidence.
 [R]ulings on the admission of evidence generally rest in the sound discretion of the court and will not be reversed absent an abuse of that discretion amounting to prejudicial error. An abuse of discretion connotes more than a mere error in judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.
Wyant v. Marble (1999), 135 Ohio App.3d 559, 563, 735 N.E.2d 9, 12. (Citations omitted). Here, the trial court refused to admit the testimony of the veterinarian. The admission of this type of testimony is controlled by Evid.R. 608, which provides in pertinent part.
 (A) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
 (B) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness . . . may not be proved by extrinsic evidence.
However, testimony of specific instances of prior conduct of a victim is admissible when the defendant is claiming self-defense. State v.Carlson (1986), 31 Ohio App.3d 72, 508 N.E.2d 999. This testimony is permissible not to show the character of the victim, but rather to show the state of mind of the defendant. Id. Thus the only limitation on the evidence is whether it was relevant.
"`Relevant Evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R.401. The admission of relevant evidence rests within the sound discretion of the trial court. Brokamp v. Mercy Hosp.Anderson (1999), 132 Ohio App.3d 850, 726 N.E.2d 594. An abuse of discretion implies that the court acted unreasonably, arbitrarily, or unconscionably. Id. "Absent an abuse of discretion that materially prejudices a party, the trial court's decision must stand." Id. at 863,726 N.E.2d at 603. Here, the trial court determined that Johnson's alleged prior attacks on the dog were too remote in time to be relevant to the fight the following night. Since more than 24 hours had passed since the last alleged attack, the judgment of the trial court is not unreasonable. Thus, the trial court did not abuse its discretion in excluding the evidence. The assignments of error are overruled.
The judgment of the Court of Common Pleas of Putnam County is affirmed.
Judgment Affirmed.
 WALTERS, P.J. and HADLEY, J., concur.
[1] Megan Johnson retained her maiden name during the marriage.