OPINION
{¶ 1} Appellant, Tracey Cooperider, appeals the judgment of the Marion Municipal Court of Marion County, Ohio, finding him guilty of assault.
 {¶ 2} Appellant is the former husband of Shirley Cooperider and the father of Tyler and Quinton Cooperider. On June 4, 2002, appellant went to Lincoln Park to watch Tyler play baseball. Mrs. Cooperider, as well as Mrs. Cooperider's ex-husband, Richard Kevin Smith, were also in attendance.
 {¶ 3} When the game was over, Mrs. Cooperider allowed Tyler and Quinton, to say goodbye to appellant. An argument between appellant and Mrs. Cooperider soon began, at which time Mrs. Cooperider grabbed Tyler and Quinton by the hands and began to take them away.
 {¶ 4} At this point, appellant's version and the version of the other witnesses conflict. Because of the differing versions of the facts, we will address both.
 {¶ 5} Appellant testified that after Mrs. Cooperider took the boys away, he heard "heavy feet and change jangling or keys jangling" behind him and turned around to see Smith running at him "with his fist up in the air." In response, appellant began swinging a baseball bat at Smith. Appellant testified he swung and struck Smith two times before Smith was able to grab the bat away from him. Appellant and Smith continued fighting until spectators broke up the fight.
 {¶ 6} In contrast to appellant's testimony, Mrs. Cooperider, as well as independent witnesses, testified that appellant was unprovoked and approached Smith from behind while Smith was standing still and swung the baseball bat at Smith's legs. These witnesses testified that appellant swung the bat between five and six times and that Smith tried to block the swings with his hands to prevent being hit. Following the incident, the appellant was charged with assault and domestic violence by threats.[1]
 {¶ 7} On January 3, 2003 the state filed a motion in limine seeking an order prohibiting the defense, at trial, from offering evidence or making reference to the prior criminal record of Smith, the victim in this case.
 {¶ 8} Prior to trial, the court ruled that if Smith testified, inquiry could be made into his criminal record within the last ten years. In the event he did not testify, the court ruled that the appellant could offer evidence of appellant's personal awareness that Smith was a violent person. However, appellant could not make reference to Smith's prior criminal record or the specific instances of conduct that resulted in his convictions.
 {¶ 9} The matter proceeded to trial on February 19, 2003. Following the presentation of evidence, the jury returned with a verdict finding appellant guilty of assault. The appellant now appeals this verdict, alleging two assignments of error for our review.
ASSIGNMENT OF ERROR NO. I
The trial court erred in granting the State's Motion in Limine suppressing testimony of the Defendant-Appellant's prior knowledge of other specific acts of violence committed by the alleged victim.
 {¶ 10} The admission or exclusion of evidence rests within the sound discretion of the trial court and will not be disturbed upon appeal unless that discretion is abused. State v. Combs (1991), 62 Ohio St.3d 278,284. An abuse of discretion is more than a mere error in law or judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 218.
 {¶ 11} Evidence of a person's character is generally inadmissible to prove action in conformity therewith on a particular occasion. Evid.R. 404(A). However, a defendant arguing self-defense may testify about specific instances of prior violent conduct by the victim toestablish the defendant's state of mind at the time of the incident.State v. Carlson (1986), 31 Ohio App.3d 72 (emphasis added). Use of character evidence in this manner is not objectionable as it is offered for the purpose of proving the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from the danger was the use of force. State v. Brown, Marion App. No. 9-02-02, 2002-Ohio 6765 (citation omitted).
 {¶ 12} A defendant's presentation of evidence pertaining to his state of mind must, however, be relevant. See State v. Kelley, Putnam App. No. 12-2000-15, 2001-Ohio-2115. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401. In the case sub judice, we find the bulk of the appellant's proffered evidence to have been properly excluded by the trial court on the grounds that it is not relevant to the issue of whether the appellant had a bona fide belief that he was in imminent danger of death or great bodily harm at the time of the assault.
 {¶ 13} Appellant sought to introduce the following: 1) that although Smith was prohibited by a court order to have contact with Tyler and Quinton, he regularly visited the Cooperider home; 2) that Smith was in violation of his parole by being in the park on the day of the assault, corroborated by testimony of Smith's parole officer; 3) that Quinton was afraid of Smith and that the appellant was concerned about the safety of his own children while in Smith's presence; and 4) that it was Smith who ran from the scene while appellant waited for the police.
 {¶ 14} We are unable to determine how this evidence could be relevant to the appellant's asserted belief that he would be killed or severely injured by Smith. This evidence does not involve the level of conduct which would reasonably make one fear for his own safety. Thus, the trial court did not act improperly in excluding this testimony.
 {¶ 15} Additionally, appellant sought to introduce evidence that Smith had been convicted of and incarcerated on two counts of child endangering in 1994 and 1998, including acts of violence against his own children and that appellant had knowledge of these crimes.
 {¶ 16} Evidence of other acts must be temporally and circumstantially connected to the facts of the offense alleged. State v.Burson (1974), 38 Ohio St.2d 157. The victim's prior convictions that appellant seeks to introduce meet neither of these requirements. The prior convictions are factually and chronologically separate from the operative facts the crime in the present case is alleged to have involved. Statev. Eubank (1979), 60 Ohio St.2d 183. Smith's last conviction occurred in 1998, four years prior to the altercation between appellant and Smith. The prior convictions were for child endangerment, not a crime that would bear any relationship to appellant's belief he was in imminent danger of great bodily harm. Because Smith's prior convictions are not relevant as proof of the appellant's state of mind at the time of the charged offense, we hold that the trial court did not err in excluding this evidence.
 {¶ 17} The remaining proffered evidence, that Smith threatened appellant two days prior to the assault and that Smith was a much larger man than appellant, is relevant to appellant's state of mind at the time of the altercation. However, this evidence was not excluded by the trial court and the appellant was allowed to testify regarding these two issues.
 {¶ 18} With respect to the incident of threatening, appellant was allowed to testify that two days prior to the altercation in the park he, Mrs. Cooperider and Smith encountered one another at a graduation ceremony. While there, appellant and Mrs. Cooperider had a heated discussion about visitation of the children. As alleged by appellant, when Mrs. Cooperider walked away, Smith came toward appellant and said, "Why don't you leave the boys here and let's go out in the parking lot?" Appellant further testified that he feared Smith and he called the police as a result of this threat.
 {¶ 19} Evidence relating to the physical size differential between appellant and Smith was also presented. Appellant demonstrated to the jury that Smith was several inches taller and had a larger build than appellant. Furthermore, throughout the majority of the trial the two men were referred to as "the little guy" and "the big guy".
 {¶ 20} Although the appellant argues that an accused, asserting self-defense, must be able to present his case so that the jury can put themselves in the shoes of the accused, the evidence to be presented must be within the ambit of the evidentiary rules. We do not find that the trial court applied these rules unreasonably or arbitrarily and, accordingly, did not abuse its discretion in excluding the appellant's proffered evidence.
 {¶ 21} Appellant's first assignment of error is overruled.
ASSIGNMENT OF ERROR NO. II
The trial court erred in admitting into evidence the medical records of the alleged victim, in toto, absent testimony authenticating the opinions and diagnosis contained within the records, and absent proper authentication of the records containing the opinions and diagnosis of a consulting physician, and including into the record statements regarding the causation of the alleged victim's injuries.
 {¶ 22} Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Hearsay is not admissible except as otherwise provided by the United States Constitution, the Ohio Constitution, by statute, by evidentiary rule or by other rules prescribed by the Supreme Court of Ohio. Evid.R. 802. However, numerous exceptions to the hearsay rule exist.
 {¶ 23} Appellant claims that any statements in the medical records referring to the cause of Smith's injuries that are not related to medical diagnosis or treatment should be excluded as hearsay. Specifically, appellant argues that the statement "assaulted 6/4/02 in eve. [sic] Hit [with] baseball bat to the back of the leg, above the knee [left]. Hit again [with] the same baseball bat to the [left] patella," is inadmissible. Appellant also claims that Smith's medical records should not have been admitted at all without a doctor testifying as to the diagnoses and opinions contained therein.
 {¶ 24} Assuming, without deciding, that the medical records should have been excluded in their entirety, any error in admitting this evidence was harmless. The existence of error does not necessarily require a reversal unless such error is prejudicial to the complaining party and affects a substantial right. Seley v. G.D. Searle Co.
(1981), 67 Ohio St.2d 192.
 {¶ 25} Reviewing the record as a whole, we do not believe that the jury would have decided differently if the medical records had been excluded. The medical records are merely cumulative and corroborative of the testimony of other witnesses that Smith was struck with a baseball bat. Furthermore, appellant never denied he struck Smith with the bat. Neither the cause of Smith's injuries nor his diagnosis was an issue at trial.
 {¶ 26} In light of the other evidence, including the testimony of multiple eyewitnesses, we do not find that the admission of the medical records prejudiced the appellant or affected a substantial right. Thus, any error on the part of the trial court in this regard was harmless.
 {¶ 27} Appellant's second assignment of error is overruled.
 {¶ 28} For the reasons stated herein, the judgment of the Marion Municipal Court of Marion County, Ohio is affirmed.
Judgment affirmed.
WALTERS and CUPP, JJ., concur.
[1] The jury found appellant not guilty of the charge of domestic violence by threats and no appeal has been filed. Thus, the charge of domestic violence by threats is not relevant to our proceedings.