JOURNAL ENTRY AND OPINION
{¶ 1} Appellant D.P., a minor, appeals the juvenile court's finding him delinquent. He contends that the court's finding was not supported by sufficient evidence and was against the manifest weight of the evidence. We find no merit to the appeal and affirm.
 {¶ 2} A complaint charging D.P., age sixteen, with one count of felonious assault, if committed by an adult, was filed in juvenile court. The matter proceeded to trial with the following evidence presented.
 {¶ 3} The victim testified that, while a resident at the Youth Development Center ("YDC") in Hudson, Ohio, he and D.P. often argued. On December 29, 2001, the arguments culminated with the victim "flinching" toward D.P. and D.P. striking the victim with a closed fist, breaking his jaw.
 {¶ 4} The victim explained that by "flinching," he placed his hands in a closed fist position in front of himself, as if he was going to strike, but did not swing or make any physical contact. (Tr. at 14-15, 38).
 {¶ 5} YDC's youth leader, John Matthews, testified that he witnessed the arguments leading up to the physical altercation but did not witness the actual blow to the victim. He heard the sound of the punch and, as he spun around, observed D.P. with his closed fist reeling back. He further stated he observed the victim defending himself and that the victim never struck back.
 {¶ 6} D.P. testified that he thought the victim was going to hit him, so he hit first. D.P. further stated that he hit the victim "to let him know he can't keep playing, * * * to quit bothering me."
 {¶ 7} Upon questioning from the trial court, Mr. Matthews indicated that YDC allowed residents to retreat to other rooms in the Center if a tense situation arose in the common room. To do so, the resident merely asked permission from the youth leader on duty. The court found D.P. guilty of the felonious assault, adjudged him delinquent, and sentenced him to twelve months at the Ohio Department of Youth Services. D.P. raises two assignments of error on appeal.
a. Juv.R. 29 Motion for Acquittal
 {¶ 8} In his first assignment of error, D.P. contends that the trial court erred in denying his Juv.R. 29 motion for acquittal because (1) there was no evidence he knowingly committed the offense and (2) the prosecution failed to disprove his claim of self-defense. The standard of review with regard to the sufficiency of evidence is set forth in Statev. Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
"Pursuant to Criminal Rule 29(A), a court shall not order an entry ofjudgment of acquittal if the evidence is such that reasonable minds canreach different conclusions as to whether each material element of acrime has been proved beyond a reasonable doubt."
 {¶ 9} See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19,23; State v. Davis (1988), 49 Ohio App.3d 109, 113. Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held:
"An appellate court's function when reviewing the sufficiency of theevidence to support a criminal conviction is to examine the evidencesubmitted at trial to determine whether such evidence, if believed, wouldconvince the average mind of the defendant's guilt beyond a reasonabledoubt. The relevant inquiry is whether, after viewing the evidence in alight most favorable to the prosecution, any rational trier of fact couldhave found the essential elements of the crime proven beyond a reasonabledoubt." (Citations omitted.)
 {¶ 10} Felonious assault is defined in pertinent part pursuant to R.C. 2903.11 as:
 {¶ 11} "(A) No person shall knowingly do either of the following:
(1)Cause serious physical harm to another or to another's unborn;"
 {¶ 12} The definition of knowingly is contained in R.C. 2901.22(B), which provides that "a person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." A defendant, therefore, acts knowingly, when, although not intending the result, he or she is nevertheless aware that the result will probably occur. State v. Edwards
(1992), 83 Ohio App.3d 357, 361.
 {¶ 13} D.P. argues that although he struck the victim, he did not "knowingly" cause serious physical harm. He contends that he threw a "light punch" and did not intend to break the victim's jaw.
 {¶ 14} We find no merit to this argument. Sufficient evidence existed supporting the trial court's conclusion that D.P. was aware that physical harm would result from his punch to the victim, regardless of his intent. D.P. admitted he punched the victim to "let him know he can't keep playing, * * * to quit bothering me." Moreover, the victim sustained a broken jaw as a result of the punch.
 {¶ 15} D.P. also argues that the State failed to disprove his self-defense claim and therefore, the trial court's ruling is not supported by the sufficiency of the evidence.
 {¶ 16} We find this argument is misplaced. When reviewing a claim by a defendant that evidence supports a claim for self-defense, the manifest weight standard is the proper standard of review because a defendant claiming self-defense does not seek to negate an element of the offense charged but rather seeks to relieve himself from culpability.State v. Martin (1986), 21 Ohio St.3d 91. As we stated in Cleveland v.Williams, Cuyahoga App. No. 81369, 2003-Ohio-31, a sufficiency challenge is premised upon the quantum of evidence adduced by the prosecution. A defendant's assertion on appeal that he has proven self-defense cannot be a sufficiency claim, but rather, must be reviewed under the standard for a manifest weight claim. State v. Roberts (2000), 139 Ohio App.3d 757. Therefore, we will address this claim with the second assignment of error.
a. Manifest Weight of the Evidence
 {¶ 17} In his second assignment of error, D.P. argues the trial court's finding that he committed the offense of felonious assault and adjudicating him delinquent was against the manifest weight of the evidence because there was evidence that he acted in self-defense when he struck the victim.
 {¶ 18} The standard of review for a manifest weight challenge is summarized in State v. Martin (1983), 20 Ohio App.3d 172, 175
as follows:
"* * * The court, reviewing the entire record, weighs the evidence andall reasonable inferences, considers the credibility of witnesses anddetermines whether in resolving conflicts in the evidence, the juryclearly lost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered. Thediscretionary power to grant a new trial should be exercised only in theexceptional case in which the evidence weighs heavily against theconviction." (Citations omitted.)
 {¶ 19} The weight of the evidence and credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. The power to reverse a judgment of conviction as against the manifest weight of the evidence must be exercised with caution and only in the rare case in which the evidence weighs heavily against the conviction. State v. Martin, supra, at 175.
 {¶ 20} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court adopted the following guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10:
"1) The reviewing court is not required to accept as true theincredible;
(2) whether the evidence is uncontradicted;
(3) whether a witness was impeached;
(4) what was not proved;
(5) the certainty of the evidence;
(6) the reliability of the evidence;
(7) whether a witness' testimony is self-serving; and
(8) whether the evidence is vague, uncertain, conflicting orfragmentary."
 {¶ 21} State v. Wilson, Cuyahoga App. No. 64442-64443.
 {¶ 22} A reviewing court will not reverse an order of the trial court where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169.
 {¶ 23} To establish self-defense as an affirmative defense, the defendant must demonstrate the following by a preponderance of the evidence: (1) that he was not at fault in creating the situation giving rise to the affray; (2) that he had a bona fide belief that he was in imminent danger of great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that he must not have violated any duty to retreat or avoid danger. State v. Williford
(1990), 49 Ohio St.3d 247. The elements of self-defense are cumulative and, if the defendant failed to prove any one of the elements by a preponderance of the evidence, he failed to demonstrate that he acted in self-defense. Id. at 249.
 {¶ 24} Reviewing the evidence in this case, we conclude that D.P.'s affirmative defense of self-defense is not supported by a preponderance of the evidence. D.P. claimed that he hit the victim as a "reflex" because the victim "flinched." He argued that he wanted to avoid being hit, so he hit first.
 {¶ 25} Admittedly, the victim antagonized and annoyed D.P. However, the evidence demonstrated that D.P. had the opportunity to walk away. Rather than walk away, D.P. chose to hit the victim "to let him know he can't keep playing." Moreover, the victim never made any physical contact with D.P. and never swung at him.
 {¶ 26} Having reviewed the entire record and having weighed the evidence and all reasonable inferences, we are unable to find that the conviction constituted a manifest miscarriage of justice. We do not find this to be an "exceptional case in which the evidence weighs heavily against the conviction." Martin, supra, at 175. Accordingly, the second assignment of error is overruled.
Judgment affirmed.
Frank D. Celebrezze, Jr., P.J. Concurs. Timothy E. McMonagle, J.Concurs in judgment only.