JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Rico Escortt ("Escortt") appeals various judgments of the Cuyahoga County Common Pleas Court and asserts that his trial counsel rendered ineffective assistance of counsel. For the reasons adduced below, we affirm. The following facts give rise to this appeal.
 {¶ 2} Troy Harris ("victim") went to a bar near midnight. The victim was accompanied by his roommate, Marvin Clemons ("Clemons"), and they met Ann Fini, one of the victim's work colleagues. When they entered the bar, Escortt was already present. Escortt and Clemons began conversing about a sale of a car that had taken place several months earlier between Clemons and one of Escortt's friends. Clemons had not yet received the title to the car. Escortt was obnoxious and nasty during the conversation. Escortt turned to the victim and asked him what he thought about the car title dispute. The victim voiced his displeasure about the situation and indicated that if a person had done that to him he would "do him." Escortt grabbed the victim by the shirt and said, "Don't ever say that to me in front of my face again." The victim asked Escortt to let go of his shirt. Escortt refused. The victim asked Escortt two more times to release his grip. Escortt then punched the victim in the face, knocking his glasses off.
 {¶ 3} A struggle between Escortt and the victim resulted in both of them falling to the floor. Escortt told the victim, "I got you now," and "now I'm [fixing] to fuck you up." Escortt then bit into the victim's cheek, "pulled on it," and "pulled out a chunk." Witnesses heard the victim say, "He bit me in the face." After leaving the bar, Escortt immediately approached the victim. He reached into his coat pocket as if he had a gun and said, "What's up now?" He followed the victim to his car and threw a brick at the victim, striking him in the shoulder area.
 {¶ 4} The victim was later treated at the hospital and received seven stitches to close the wound on his cheek. Escortt advances four assignments of error for our review.
 {¶ 5} "No. 1: The trial court erred and the appellant was denied due process when the trial court failed to instruct the jury on all the issues raised by the evidence."
 {¶ 6} Although this assignment of error is not clearly worded, Escortt is arguing that he was entitled to have a self-defense instruction issued to the jury prior to their deliberation.
 {¶ 7} He concedes that his trial counsel did not raise this issue with the trial court; thus we are only permitted to review this claimed error under the plain error standard. State v. Hartman (2001),93 Ohio St.3d 274. To constitute plain error, it must appear in the record that error occurred, and that but for the error, the outcome of the trial clearly would have been otherwise. State v. Long (1978),53 Ohio St.2d 91.
 {¶ 8} Although the state presented evidence that Escortt initiated the fight with the victim, it is specifically the biting of the victim during the fight and resulting laceration that supports the one-count indictment for felonious assault. Escortt did argue and present testimony that it was, in fact, the victim who started the fight by "nicking" Escortt's chin with a punch. But, even Escortt's own testimony is that he merely grappled with the victim, fell to the ground, and then had his teeth "involuntarily" pushed into the victim's cheek. He also argued that the resulting injury was not properly classified as serious physical harm. It is against this backdrop that Escortt argues he was entitled to a self-defense instruction.
 {¶ 9} "In order to prevail on the issue of self-defense, the accused must show that he was not at fault in starting the affray, and that he had a bona fide belief that he faced imminent danger of death or great bodily harm and that his only means of escape was the use of suchforce, and that he violated no duty to retreat or avoid the danger. If the defendant fails to prove any one of these elements by a preponderance of the evidence he has failed to demonstrate that he acted in self-defense." State v. Jackson, (1986), 22 Ohio St.3d 281. (Emphasis added.)
 {¶ 10} Throughout the trial, Escortt insisted that the bite injury was an unintentional one. During opening statement, Escortt laid out his defense theory claiming the injury to the victim resulted from an unintentional act:
 {¶ 11} "As [Escortt] was on the top, [the victim was] on the bottom, and the cousin kicks [Escortt] in the head twice, in the back of the head. [The victim's] teeth — when you see the picture, you will see where the bite marks were. It wasn't a bite.
 {¶ 12} "It wasn't an intentional act. It was an act caused by a third party.
 {¶ 13} "The prosecutor says that he was bitten. Well, Mr. Harris wasn't bitten. It was the result of the kick to the back of the head, and his jaw went in.
 {¶ 14} "It wasn't even an intentional crime. It was — it was someone * * * stepping on Mr. Escortt's head * * *."
 {¶ 15} During his cross-examination of the state's medical expert who treated the victim's bite wound, Escortt questioned the expert if it was possible the victim's injury could have resulted from his teeth being forced into the victim's cheek by a kick.
 {¶ 16} Finally, Escortt testified that once they hit the floor, his hands were pinned underneath the victim's body. In that position, Escortt testified that "when I said I was fitting to F him up, that's when the foot came on the back of my neck."
 {¶ 17} Logically, since Escortt was charged with felonious assault for the biting injury caused to the victim, the evidence supporting his self-defense claim must include a reason that justified the bite. Escortt not only failed to provide such evidence, but denies such evidence exists because he contends he did not bite the victim for self-defense or for any other purpose — it was unintentional.
 {¶ 18} In Ohio, self-defense is an affirmative defense that requires Escortt to "admit the facts claimed by the prosecution" as an initial step toward establishing a justification for what would otherwise be criminal conduct. State v. Martin (1986), 21 Ohio St.3d 91.
 {¶ 19} "When reviewing a claim by a defendant that evidence supports a claim for self-defense * * * [the] defendant claiming self-defense does not seek to negate an element of the offense charged but rather seeks to relieve himself from culpability." In Re: D.P., MinorChild, Cuyahoga App. No. 82151, 2003-Ohio-5821. The record is clear, however, that Escortt's chosen defense is seeking to negate an element of the offense charged. He is attempting to negate both that he intentionally injured the victim and that the victim's injury constituted "serious physical harm" as required under the statute. He argued at trial and argues in his brief that he did not bite the victim, but had his teeth involuntarily pushed against the victim's cheek after Escortt was kicked in the head. In light of the applicable authority, this defense does not qualify as self-defense and, therefore, it did not entitle him to a self-defense instruction. This assignment of error is overruled.
 {¶ 20} "No. 2: Appellant was denied effective assistance when counsel failed to request an instruction on self-defense."
 {¶ 21} Prior to declaring Escortt's counsel's assistance ineffective, we must find that counsel's performance was so deficient and his errors so serious that Escortt was deprived of his right to a fair trial, reiterated in the Sixth Amendment to the United States Constitution. Strickland v. Washington (1984), 466 U.S. 668. In light of our analysis of the first assignment of error, we cannot say it was deficient for Escortt's trial counsel to omit a request for a self-defense instruction as Escortt's defense made that request inapplicable. This assignment of error is overruled.
 {¶ 22} "No. 3: The verdict finding appellant guilty of felonious assault was not supported by evidence sufficient to justify a finding of guilt beyond a reasonable doubt."
 {¶ 23} The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus: "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." In State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus, the Ohio Supreme Court held that "[a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 24} Escortt argues that there is insufficient evidence to establish that he intentionally bit the victim. We disagree.
 {¶ 25} Escortt was charged with a violation of R.C. 2903.11, felonious assault, which reads in pertinent part: "(A) No person shall knowingly do either of the following: (1) Cause serious physical harm to another or * * * (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."
 {¶ 26} The victim testified that Escortt bit him, pulled on his cheek with his teeth, and then ripped it. Clemons testified (and a second witness corroborated) that he did not push, shove or kick Escortt thereby contradicting Escortt's claim that Clemons' kick pushed his teeth into the victim's cheek. The state also presented the testimony of the victim's treating physician who found the victim's injury consistent with a human bite. He also offered that he had never, in his 22-year career in emergency medicine, seen such an injury caused by someone being pushed into another person as Escortt claimed. After viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime against Escortt were proven beyond a reasonable doubt. This assignment of error is overruled.
 {¶ 27} "No. 4: The guilty verdict was against the manifest weight of the evidence and is contrary to law."
 {¶ 28} State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated: "There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [fact finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin, supra, at 175. Moreover, the weight of the evidence and credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. State v. Martin,
supra.
 {¶ 29} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court in State v. Wilson (June 9, 1994), Cuyahoga App. Nos. 64442/64443, adopted the guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10, syllabus. These factors, which this court noted are in no way exhaustive, include: "1) Knowledge that even a reviewing court is not required to accept the incredible as true; 2) Whether evidence is uncontradicted; 3) Whether a witness was impeached; 4) Attention to what was not proved; 5) The certainty of the evidence; 6) The reliability of the evidence; 7) The extent to which a witness may have a personal interest to advance or defend their testimony; and 8) The extent to which the evidence is vague, uncertain, conflicting or fragmentary." Id.
 {¶ 30} The pertinent evidence of this matter was previously reviewed above. The jury is not required to accept Escortt's argument that he was shoved or involuntarily forced into a collision with the victim, resulting in his teeth hitting the victim's cheek. The state's eyewitnesses all gave consistent accounts of what happened. The victim's serious, permanent injury and stitches were in contradiction to Escortt's claim of unintentional bumping of his teeth against the victim's cheek. The jury was entitled to believe some, all, or none of each witness's testimony. Their verdict indicates they believed the state's witnesses and disbelieved Escortt's claims of accidentally injuring the victim.
 {¶ 31} Based upon that review and considering the entire record, we cannot say the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Timothy E. McMonagle, J., concur.