CITY OF CLEVELAND, Appellee,

v.

HILL, Appellant.

[Cite as *Cleveland v. Hill* (1989), 63 Ohio App.3d 194.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55364.

Decided June 12, 1989.

*Patricia A. Blackman,* for appellee.

*Michael Gallagher,* for appellant.

PATTON, Presiding Judge.

Defendant Jeffrey Hill was convicted of one count of domestic violence, in violation of R.C. 2919.25. He assigns the following errors for review:

"1. The trial court erred in permitting the victim to testify that the defendant used drugs and gambles all the time.

"2. The trial court erred in refusing to allow defendant to introduce into evidence a certain Fairview Hospital medical record.

"3. The trial court erred in allowing the prosecutor to ask the defendant if he had been convicted of any state, federal, or local crime.

"4. The trial court erred in refusing to allow the defendant to introduce into evidence defendant's Exhibits B and C.

"5. The trial court erred in failing to give the jury a limiting instruction under Evidence Rule 105 that defendant's prior record for aggravated assault could only be used in determining his credibility, and not that he acted in conformity therewith.

"6. The trial court erred in its instructions to the jury concerning the affirmative defense of self-defense."

Because we find several of the assigned errors to be well taken, we reverse and remand for a new trial since the prejudicial effect of the errors deprived defendant of a fair trial. See *State v. DeMarco* (1987), 31 Ohio St.3d 191, 31 OBR 390, 509 N.E.2d 1256, paragraph two of the syllabus.

The city's evidence consisted of testimony from the victim and her brother, an eyewitness to the events. The victim and defendant had lived together for several years, but their relationship was not a happy one. The victim told defendant that she was leaving him, due in great measure to his repeated acts of domestic violence. On January 23, 1988, defendant enlisted the aid of the victim's brother and hired a rental truck, his intention being to take their furniture while the victim was away. The victim arrived at the home as the furniture was being loaded into the truck. Defendant ran to his car and drove off, hoping that the victim would cool off. When he returned a few minutes later, he and the victim began arguing. The brother stepped between them

until he received defendant's assurances that no fighting would occur. The brother stepped away and saw defendant immediately strike the victim in the face, knocking her to the ground. Defendant then kicked her in the head before the brother could intervene a second time.

Defendant agreed with the facts leading up to the incident, but denied precipitating any violence. He stated that the victim spat on him and he shoved her to the ground in self-defense.

Both sides presented various witnesses whose testimony generally documented the turbulence of the marriage, specifically citing various instances of physical aggression by defendant and his wife.

## I

■■■ In the first assigned error, defendant maintains that the court erred in permitting the victim to comment that he used drugs and gambled. Specifically, in response to a question concerning her marital relationship with defendant, the victim stated that she "loved him a lot." The following exchange occurred:

"Q. You loved him?

"A. I still do, but he's more interested in his drugs and friends and doesn't want to settle down, and he gambles all the time."

Defendant's objection and motion to strike the response were overruled. He contends that the response was not relevant. We agree.

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401; *State v. Tolliver* (1984), 16 Ohio App.3d 120, 16 OBR 126, 474 N.E.2d 642.

■■■ The determinative issue was whether defendant committed domestic violence as charged. Evidence that defendant gambled and used drugs bore no relation to the determinative issue. Moreover, we believe there was prejudice from the refusal to strike the answer since defendant's credibility was indirectly impugned. Accordingly, we sustain this assigned error.

## II

■■■ In his second assignment of error, defendant complains that the trial court erred when it refused to allow him to enter hospital records into evidence. Those records were intended to document an alleged assault by the

victim on defendant nearly seven years earlier and, hence, to substantiate defendant's fear of the victim.

A defendant, when arguing self-defense, may testify about specific instances of the victim's prior conduct in order to establish the defendant's state of mind at the time of the incident. *State v. Thomas* (1981), 66 Ohio St.2d 518, 520, 20 O.O.3d 424, 426, 423 N.E.2d 137, 138; *State v. Carlson* (1986), 31 Ohio App.3d 72, 31 OBR 112, 508 N.E.2d 999. In this case, the admission of hospital records would have been cumulative. The victim admitted that she struck defendant with a thrown drinking glass and that defendant required some medical attention as a result. In addition, defendant was allowed to relate other specific acts of aggression committed by the victim. While the hospital records may have been admissible under Evid.R. 405(B), their admission would not have tended to prove anything more than that testified to by defendant and the victim. The second assigned error is overruled.

### III

The third and fifth assigned errors are related in that they both address issues relating to defendant's prior conviction. On direct examination, defendant admitted to a conviction for aggravated assault. On cross-examination, the prosecutor asked if there were any other convictions. Defendant replied, "felonious assault, aggravated assault * * * I believe there's another assault charge. A couple of driving violations. What else, I really don't know."

The prosecutor mistakenly believed that defendant had been convicted of felonious assault. That belief was erroneous. The error was further compounded by the court's refusal to instruct the jury that it could consider evidence of prior convictions for impeachment purposes only. See Evid.R. 609. Such an instruction was required where (a) the offenses were clearly not applicable under the rule, for example, driving violations, and (b) the defendant was duped into mentioning those past acts by the prosecutor's mistaken belief that there was a prior conviction for felonious assault. While the giving of cautionary instructions to the jury is discretionary under Crim.R. 30(B), we find that the court abused its discretion in this instance due to the number of references made to irrelevant and otherwise inadmissible acts of the defendant. Accordingly, the third and fifth assigned errors are sustained.

### IV

The fourth assigned error complains that the court unduly limited defendant's evidence relating to the victim's credibility. Defendant had offered into

evidence a certified copy of a journal entry documenting the victim's arrest for disorderly conduct in September 1986.

■ The court properly refused admission of the proffered exhibit. The victim admitted being arrested on that charge, although she contested the circumstances giving rise to the conviction. Hence, admission of the journal entry was purely cumulative. Under the circumstances, the admission of the exhibit was within the discretion of the trial judge. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. Having found no abuse of discretion, we overrule the fourth assigned error.

## V

■ In his final assignment of error, defendant maintains that the court erred in its instructions on self-defense. He contends that the court should have instructed the jury that he had no duty to retreat from a place where he had a right to be, namely, the driveway.

The trial court properly refused the instruction. The duty to retreat extends to the driveway of one's home. See *State v. Thrower* (Nov. 13, 1986), Cuyahoga App. No. 51280, unreported, 1986 WL 12860, at 5. This duty to retreat is distinct from that presented when a person is attacked in his home. See *State v. Peacock* (1883), 40 Ohio St. 333; cf. *State v. Gardner* (Mar. 30, 1989), Cuyahoga App. No. 55171, unreported, 1989 WL 31142 (court properly rejected proposed instruction that business owner had no duty to retreat from the parking lot of his business). The sixth assigned error is overruled.

*Judgment reversed*
*and cause remanded.*

JOHN V. CORRIGAN and JOHN F. CORRIGAN, JJ., concur.