This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant appeals from his convictions for attempted murder, felonious assault, and tampering with evidence. We affirm.
On January 18, 2000, the Summit County Grand Jury indicted Defendant on one count of attempted murder, in violation of R.C. 2903.02, two counts of felonious assault, in violation of R.C. 2903.11(A)(1), and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1). Each charge contained a firearm specification. A jury trial was held on April 3, 2000. The jury convicted Defendant of one count of attempted murder, one count of felonious assault, one count of tampering with evidence, and three firearm specifications. The trial court sentenced him accordingly.
Defendant timely appealed to this Court on June 12, 2000. On June 16, 2000, the trial court filed a nunc pro tunc entry to correct an omission in the journal entry of Defendant's sentence for tampering with evidence. Defendant appealed to this Court on November 1, 2000. This Court dismissed Defendant's appeal, on March 12, 2001, after finding that it lacked jurisdiction to hear the case because the order being appealed did not set forth a sentence on the tampering with evidence conviction.
Consequently, on March 15, 2002, Defendant filed a motion for delayed appeal. The trial court's amended sentencing entry was attached. This Court granted leave to file a delayed appeal. Defendant filed his appeal on June 5, 2002, raising two assignments of error.
 ASSIGNMENT OF ERROR I "[T]he trial court erred in failing to properly instruct the jury under Ohio law that one acting in self-defense possesses no duty to retreat from his home. The erroneous instruction denied [Defendant his] right to * * * a meaningful opportunity to present a complete defense guaranteed under Section 16, Article I of the Ohio Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution * * *."
In his first assignment of error, Defendant challenges the jury instructions given by the trial court. Specifically, Defendant maintains that the trial court failed to properly instruct the jury that one acting in self-defense has no duty to retreat from his home. For the reasons set forth below, we disagree.
When considering whether a trial court should have given requested jury instructions, "a reviewing court must view the instructions as a whole. Absent an abuse of discretion in the overall composition of the instructions, this court will respect the sound judgment of the trial court. An abuse of discretion is more than an error of judgment, but instead demonstrates `perversity of will, passion, prejudice, partiality, or moral delinquency.'" Buehler v. Falor, 9th Dist. No. 20673, 2002-Ohio-307, at 2, citing Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. There is no reversible error if the instructions are sufficiently clear to enable the jury to understand the law as applied to the facts. Buehler at 2, citing Atkinson v. Internatl.Technegroup, Inc. (1995), 106 Ohio App.3d 349, 365. Generally, the court should give instructions requested by the parties if they are correct statements of law as applied to the facts of the case; however, the court retains considerable discretion to use its own language to express the same legal principles. Buehler at 2-3, citing Murphy v. Carrollton Mfg.Co. (1991), 61 Ohio St.3d 585, 591. See, also, Yousef v. Parr, Inc. (1990), 69 Ohio App.3d 679, 690. Additionally, "the instructions found in Ohio Jury Instructions are not mandatory[, but rather] are recommended instructions based primarily upon case law and statutes[.]" Buehler at 3, quoting State v. Martens (1993), 90 Ohio App.3d 338, 343.
In order to establish the affirmative defense of self-defense, a defendant must prove, through a preponderance of the evidence, that: (1) he was not at fault in creating the situation giving rise to the affray; (2) the defendant had a good faith belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was by the use of force; and (3) that the defendant did not violate any duty to retreat. State v. Mora (Mar. 26, 1997), 9th Dist. No. 17908, at 4-5, quoting State v. Robbins (1979), 58 Ohio St.2d 74, paragraph two of the syllabus.
Defendant's first assignment of error pertaining to the alleged "no duty to retreat" relates to the third element of the self-defense test. An individual who was attacked in his home may be entitled to a jury instruction of no duty to retreat as part of the self-defense instruction; such an instruction is predicated upon one's right to repel invasion of one's home and to protect one's family or property. State v.Walton (Aug. 2, 1995), 9th Dist. No. 94CA005940, at 7, citing State v.Williford (1990), 49 Ohio St.3d 247, 250. "Where one is assaulted in his home, or the home itself is attacked, he may use such means as are necessary to repel the assailant from the house, or to prevent his forcible entry, or material injury to his home[.] * * * Implicit in this statement of law is that there is no duty to retreat from one's home." (Emphasis sic.) Walton at 10-11, citing Williford, 49 Ohio St.3d at 250, quoting State v. Peacock (1883), 40 Ohio St. 333, 334.
In Walton, the defendant argued that because the shooting occurred on his front porch, he did not have a duty to retreat. This Court found otherwise and stated, "[a]t the point [defendant] left his apartment and stepped onto the concrete pad, he once again had a duty to retreat. The privilege to use force to repel an intruder does not permit a defendant to leave the sanctuary of his home to go after an anticipated intruder."Walton at 8-9. Furthermore, it is settled law in several other districts that "[f]or purposes of self-defense, a duty to retreat extends to the driveway of one's own home." State v. Schumacher (Nov. 2, 1998), 12th Dist. No. CA97-12-023, citing Cleveland v. Hill (1989), 63 Ohio App.3d 194,199. See, also, State v. Burns (Aug. 3, 2000), 8th Dist. No. 69676; Statev. Smith (June 27, 1995), 10th Dist. No. 94APA12-1702 (applying the Hill
driveway analysis in the context of a sidewalk confrontation).
In this case, the residence in question was that of Frank Bhra ("Bhra"). Defendant was living with Bhra at the time of the shooting. On the night of the incident, Victim was the apparent guest of another living with Bhra. Therefore, Defendant's purported acts of self-defense were not intended to prevent Victim's forcible entry or otherwise protect Defendant's home, family, or property. Furthermore, Defendant voluntarily left the sanctuary of his home and went outside onto his driveway, which is where the shooting subsequently occurred. Accordingly, he was not entitled to a "no duty to retreat" instruction. See Schumacher, supra, citing Hill, 63 Ohio App.3d at 199. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "[Defendant] was denied the effective assistance of counsel guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution * * *."
In his second assignment of error, Defendant contends he was denied the effective assistance of counsel when his attorney: (1) failed to demand the victim's presence at trial; (2) consulted with Defendant for preparation purposes only one time prior to trial; and (3) "prevented" Defendant from testifying on his own behalf. Defendant's contention lacks merit.
In order to establish the existence of ineffective assistance of counsel, the defendant must satisfy a two-pronged test: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674.
Defendant bears the burden of proof on this matter. Colon at ¶ 49, citing State v. Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, there exists a strong presumption of the adequacy of counsel's performance, and that counsel's actions were sound trial tactics. Colon at ¶ 49, citing State v. Smith (1985), 17 Ohio St.3d 98, 100. "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson
(July 30, 1997), 9th Dist. No. 18215, at 4. Additionally, debatable trial tactics do not give rise to a claim for ineffective assistance of counsel. In Re: Jordan Simon (June 13, 2001), 9th Dist. No. 00CA0072, at 4, citing State v. Clayton (1980), 62 Ohio St.2d 45, 49. A defendant should put forth a showing of a substantial violation of an essential duty. Watson at 6, citing State v. Nabozny (1978), 54 Ohio St.2d 195, paragraph four of the syllabus.
Prejudice entails a reasonable probability that, but for counsel's errors, the result of the trial would have been different. State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The Court is also to consider "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Colon at ¶ 49, quoting, Strickland,466 U.S. at 690. An appellate court may analyze the second prong of the Strickland
test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice. See State v. Loza (1994), 71 Ohio St.3d 61, 83.
In this case, Defendant avers that he was denied effective assistance of counsel when his attorney failed to secure the presence of the victim as a testifying witness, did not permit Defendant to testify in court, and failed to visit Defendant on more than one occasion in preparation for trial. After careful review of the record, we find Defendant's arguments are without merit. We note that nowhere in the record is there a showing that the "errors" Defendant asserts, would have affected the judgment of the trial court. Defendant cannot demonstrate that there was a "reasonable probability that, were it not for counsel's errors * * * the result of the trial would have been different." State v. Shirley, 9th Dist. No. 20569, 2002-Ohio-31, at 14, citing Bradley, 42 Ohio St.3d 136, at paragraph three of the syllabus.
Specifically, Defendant failed to show that the inclusion of the victim's testimony, or his own testimony, would have caused the jury to reach a different verdict. Defendant did not provide the substance of the testimony which he believed would assist his case. Nor did he show a substantial violation of an essential duty on the part of defense counsel. Additionally, there is no evidence in the record of Defendant's objection to counsel's failure to call him to the stand or counsel's coercing Defendant from testifying on his own behalf. Lastly, The calling of witnesses is a trial tactic, and as stated earlier, absent a showing of a substantial violation of an essential duty, debatable trial tactics of defense counsel generally are not sufficient to give rise to a claim for ineffective assistance of counsel. State v. Coleman (Nov. 4, 1992), 9th Dist. No. 15612, at 4-5.
We note that defense counsel admitted on the record that he provided ineffective assistance to Defendant, however, a court should not give weight to these types of "admissions." This type of behavior borders on unethical conduct, inasmuch as an attorney is to give a defendant the best possible defense available and then subsequently raises ineffective assistance, after receiving an unfavorable verdict. Consequently, Defendant's second assignment of error has no merit and is overruled.
Defendant's assignments of error are overruled. The convictions in the Summit County Court of Common Pleas are affirmed.
BAIRD, J., WHITMORE, J. CONCUR.