JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, John Tibbs ("Tibbs"), appeals his conviction for drug possession. Finding no merit to the appeal, we affirm.
 {¶ 2} In October 2006, Tibbs was charged with possession of drugs and resisting arrest. The matter proceeded to a bench trial, where he was convicted of both charges. Tibbs was sentenced to sixty days, with credit for time served. The following evidence was presented at trial.
 {¶ 3} In August 2006, Officer Gregory Drew ("Drew") and Sergeant Dale Homerick ("Homerick") of the Cleveland Metropolitan Housing Authority ("CMHA") police were traveling on Central Avenue in Cleveland, when they observed Tibbs engage in a hand-to-hand transaction. They saw Tibbs hand a man on a bicycle money and, in exchange, the man handed Tibbs a small object. The man on the bicycle left, and Tibbs proceeded to walk through a CMHA housing complex. As the officers approached Tibbs, he dropped a crumpled piece of paper on the ground. In retrieving the paper, Drew discovered a rock of crack cocaine inside the paper.
 {¶ 4} In a search incident to Tibbs' arrest, Homerick recovered a food stamp card bearing the last four digits, "8814," along with several other food stamp receipts from Tibbs' pockets. Drew testified that the paper receipt he recovered from the ground had the partial food stamp card number, "8814," printed on it. In addition, other receipts on Tibbs' person also had the same partial food stamp card number, "8814." *Page 4 
 {¶ 5} Tibbs now appeals, raising one assignment of error in which he argues that the trial court erred in denying his Crim.R. 29 motion for acquittal. He argues that the State failed to produce sufficient evidence that he "obtained" or "possessed" drugs because the trial court allowed inadmissible hearsay testimony by Homerick.
 Hearsay Testimony {¶ 6} Tibbs contends that Homerick's testimony regarding the number on his food stamp card was inadmissible hearsay. Tibbs further argues that the trial court's failure to strike the testimony relating to the food stamp card constituted plain error.[1]
 {¶ 7} Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). A statement is defined as "an oral or written assertion * * *." Evid.R. 801(A).
 {¶ 8} We note that the trial court has broad discretion in the admission of evidence and, unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, this court should be slow to interfere. State v. Cooper, Cuyahoga App. No. 86437,2006-Ohio-817, citing State v. Hymore (1967), 9 Ohio St.2d 122, 128,224 N.E.2d 126.
 {¶ 9} Moreover, if trial counsel fails to object to the admission of certain evidence or testimony, the objection is waived unless there is plain error in the *Page 5 
admission. State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439, 2007-Ohio-5567. "Plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Plain error exists when it can be said that, but for the error, the outcome of the trial would clearly have been otherwise. State v.Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240; State v.Nicholas (1993), 66 Ohio St.3d 431, 613 N.E.2d 225; State v. Watson
(1991), 61 Ohio St.3d 1, 572 N.E.2d 97; State v. Moreland (1990),50 Ohio St.3d 58, 62, 552 N.E.2d 894. We invoke the plain error rule only if we find that the circumstances in the instant case are exceptional, and that reversal of the judgment is necessary to prevent a manifest miscarriage of justice. State v. Landrum (1990), 53 Ohio St.3d 107,559 N.E.2d 710.
 {¶ 10} At trial, Homerick testified that the partial food stamp card number ("8814") on the paper receipt containing the crack cocaine matched the number on the food stamp card retrieved from Tibbs at the time of his arrest. Tibbs argues this prejudicial testimony was offered to prove the truth of the matter asserted, which is that his food stamp card number ends in "8814."
 {¶ 11} However, we find that Homerick's testimony does not constitute hearsay. Testimony as to the actual number observed on the food stamp card does not qualify as an oral or written assertion. Thus, it is not a "statement" as required by Evid.R. 801(C). In addition, Homerick merely testified to what he personally *Page 6 
observed on the card. The testimony was not offered to prove that Tibbs' food stamp card number ends in "8814." Since we find that the testimony is not hearsay, we also conclude that the trial court did not commit plain error in allowing Homerick's testimony regarding the number on the card.
 Sufficiency of the Evidence {¶ 12} Tibbs argues that his conviction was not supported by sufficient evidence. He argues that, absent Homerick's testimony regarding the food stamp card number, the State would have failed to produce sufficient evidence that he "obtained" or "possessed" crack cocaine under R.C. 2925.11[2] We disagree.
 {¶ 13} The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, at the syllabus:
 {¶ 14} "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 15} See also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23,514 N.E.2d 394, and State v. Davis (1988), 49 Ohio App.3d 109, 113,550 N.E.2d 966. *Page 7 
 {¶ 16} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541 and State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. Thompkins at 390. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks at paragraph two of the syllabus.
 {¶ 17} In the instant case, we conclude that there was ample evidence for the trial court to find that Tibbs "obtained" or "possessed" drugs, without the testimony relating to the number on the food stamp card. The testimony established that the two officers observed Tibbs engage in a hand-to-hand transaction with a man on a bicycle. In addition, the officers testified that as they approached Tibbs, they saw him throw an object to the ground. Drew testified that the object was a crumpled-up receipt containing a rock of crack cocaine wrapped in plastic. Therefore, in viewing the evidence in the light most favorable to the State, we find that there was sufficient evidence to support Tibbs' drug possession conviction.
 {¶ 18} Accordingly, the sole assignment of error is overruled. *Page 8 
 {¶ 19} Judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] We note that Tibbs failed to object to the admission of this testimony at trial.
[2] R.C. 2925.11 provides that, "[n]o person shall knowingly obtain, possess, or use a controlled substance." *Page 1