[Cite as *Kuster v. Ohio Dept. of Taxation*, 2021-Ohio-3721.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| JEFFREY D. KUSTER | : | JUDGES:<br>Hon Craig R. Baldwin, P.J.<br>Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2021 CA 00014 |
| OHIO DEPARTMENT OF TAXATION,<br>ET AL | : |  |
|  | : | OPINION |
| Defendants-Appellees |  |  |

CHARACTER OF PROCEEDING:       Civil appeal from the Licking County Court
                                of Common Pleas, Case No. 2019 CV
                                00769

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         October 19, 2021

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee ODOT

JAMES R. COOPER                         CHARLES MIFSUD
33 West Main Street                     6305 Emerald Parkway
Newark, OH  43058                       Dublin, OH 43016


                                        For Joseph and Jacqueline Bowman
                                        DAVID V. CUGINI
                                        Cugini Law, LLC
                                        1374 N. 5th St.
                                        Columbus, OH 43201

*Gwin, P.J.*

{¶1} Appellant appeals the January 28, 2021 judgment entry of the Licking County Court of Common Pleas granting appellees' motions for summary judgment.

*Facts & Procedural History*

{¶2} Appellant Jeffrey Kuster is the owner of the property located at 81 Canyon Villa Drive in Hebron, Ohio, by virtue of a deed dated June 25, 2019. There is a well located on the property known as the Bailey Unit Well No. 1 ("Well").

{¶3} The chain of title to the property prior to appellant's ownership is as follows: on January 1, 1976, Charles A. Bailey, Jr. deeded the property to William and Lona Taggart; on February 5, 1986, William L. Taggart ("Taggart") executed a sheriff's deed and order of sale transferring the property to Cris and George Geanekopulos; on December 30, 1989, Cris and George Geanekopulos deeded the property to Steve E. and Kathy S. Cummins; on July 1, 1997, the Cummins' deeded the property to Stephen G. and Rita A. Rucker; on September 17, 2001, the Ruckers' executed a survivorship deed transferring the property to David G. and Mary L. Kuster (appellant's parents); after David Kuster's death, the property was transferred via an affidavit of transfer on April 5, 2018 to Mary L. Kuster; after Mary Kuster's death, the property was transferred via certificates of transfer from the Estate of Mary Kuster to Kurt A. Kuster and Jeffrey D. Kuster (appellant) on April 12, 2018; and on June 25, 2019, Kurt A. Kuster quit-claimed his undivided ½ interest in the property to appellant.

{¶4} At issue in this case is an oil and gas lease dated November 8, 1971 between lessors John H.E. Dimond and Margaret R. Dimond and lessee Buckeye Management Company. The lease was assigned from Buckeye Management Company

to Clinwell Oil and Gas, Inc. via an assignment recorded on May 18, 1974. The lease was then transferred via sheriff's deed of assignment to Jay Richard Greer and John R. Garvin on December 21, 1978. On November 2, 1979, there was an assignment of the lease from Greer and Garvin to Taggart. When the lease was assigned to Taggart in November of 1979, he also owned the property the Well was on pursuant to the January 1976 deed.

{¶5} The lease contains a habendum clause, granting a primary and secondary term of the lease. It provides as follows:

> It is agreed that this lease shall remain in force for a primary term of three (3) years from this date and if lessee shall commence to drill within said primary term or any extension thereof, the said lessee shall have the right to continue drilling to completion with reasonable diligence and said term shall extend as long thereafter as oil and gas, or either of them, is produced by lessee from said land or from a communitized unit as hereinafter provided.

{¶6} On April 28, 1987 appellees Joseph Bowman III and Jacqueline L. Bowman ("the Bowmans") acquired the real property adjacent to appellant's property. The deed granting the property to the Bowmans included an easement and right-of-way to the Well, along with a right to tap onto and use gas from the Well. The deed states as follows:

> Grantors further convey to grantees, their heirs, successors and assigns a non-exclusive easement and right of way 15 feet in width and extending from the northwest corner of the above referenced 5.00 acre parcel * * * to a gas well located on a 5.00 acre parcel situated immediately north of said

Benton and Weaver 5.00 acre parcel. Grantor also conveys to grantees, their heirs, successors, and assigns, the right to tap on to and use gas from said well along with the right to place one or more pipelines above or below ground, including without limitation a gas line, together with the rights of ingress and egress for constructing and maintaining any such lines.

{¶7} On July 26, 2019, appellant filed a complaint for declaratory judgment against the appellee Ohio Department of Taxation ("ODOT"), appellees Mr. and Mrs. Bowman, Jeffrey and Debra Miller, and Taggart, with respect to the ownership of and right to use the Well. Appellant later voluntarily dismissed Jeffrey and Debra Miller from the case.

{¶8} Appellant alleged in his complaint that he received notices from ODOT that he and/or his father were liable for various tax filings, delinquencies, and annual statements of production for the Well. ODOT filed an answer on August 28, 2019. Mr. and Mrs. Bowman also filed an answer.

{¶9} The trial court conducted a pretrial on March 10, 2020. In a March 12th judgment entry, the trial court explained that counsel for appellant represented that Taggart was deceased, and his estate or administrator had not been named or served. During the pretrial, appellant explained that he wished to "eliminate his tax liability for the gas well." Counsel for ODOT stated ODOT was solely interested in having the responsible party file the returns to document any production from the Well and pay the associated severance taxes.

{¶10} The trial court conducted another status conference on July 7, 2020 and attempted to settle the case. The court held another status conference on September 14,

2020, and set a dispositive motion filing deadline, with the parties still negotiating a resolution to the case.

{¶11} Mr. and Mrs. Bowman filed a motion for summary judgment, seeking summary judgment on all counts contained in appellant's complaint. They attached several exhibits to their motion for summary judgment.

{¶12} First is the affidavit of Joseph Bowman III. He avers as follows: since 1987, he has used a limited amount of gas from the Well; appellant's father would frequently discuss usage of the Well with all neighbors who had a right to use the gas, including Bowman; all of the users of the Well understood that the Well did not produce much gas and appellant's father would sometimes ask neighbors to temporarily cease use if he was not able to draw much gas due to neighbor usage; to the best of his knowledge, appellant's father, David Kuster, registered as the owner of the Well and would handle the associated tax matters; he was unsure of who handled such matters following David's death; since he acquired his property in 1987, he does not believe that any gas has been produced, marketed, or sold for commercial purposes from the Well; and, to the best of his knowledge, only the neighboring property owners who were given access rights in their property deeds have used gas from the Well.

{¶13} Second is the deed containing the Bowmans' easement and right to use the gas well. Third is a well registration letter dated August 1, 2006, from the Ohio Division of Mineral Resources ("ODNR") to David and Mary Kuster, appellant's parents, stating, "The Division of Mineral Resources Management has reviewed your registration paperwork. The information submitted has been accepted, and you have been assigned

Owner Number 8074." Attached to the letter is an ODNR "Authority and Organization Form" signed by both David and Mary Kuster, with their signatures notarized.

{¶14} Exhibit 4 is a copy of the Oil and Gas Lease dated November 8, 1971 between John H.E. Dimond and Margaret A. Dimond and Buckeye Management Corporation. Exhibit 5 is an assignment of the oil and gas lease dated May 9, 1974 from Buckeye Management Corporation to Clinwell Oil and Gas.

{¶15} ODOT filed a motion for partial summary judgment on November 18, 2020, on the issue of ownership of the Well. ODOT argued that, pursuant to R.C. 1509.31(A)(2), the lease interest in the Well merged with Taggart's real property interest on November 2, 1979, and Taggart no longer had any interest in the Well as of February 5, 1986 when he sold the property. Further, with no intervening lease or other transfer of rights to the well on record between November 2, 1979 and appellant's acquisition of full ownership of the property on June 25, 2019, appellant stands as the current owner of the Well under Ohio law.

{¶16} ODOT attached numerous exhibits to their motion. Exhibit A is the 2006 well application by David and Mary Kuster, and the letter from ODNR in response. Exhibit B is the sheriff's deed on order of sale dated April 23, 1984 transferring the property from Taggart to Cris and George Geanekopulos. Exhibit C is the deed transferring the property from Cris and George Geanekopulos to Steve and Kathy Cummins. Exhibit D is the survivorship and warranty deed transferring the property from Steve and Kathy Cummins to Stephen and Rita Rucker. Exhibit E is the deed transferring the property from Stephen and Rita Rucker to David G. and Mary L. Kuster. Exhibit F is an affidavit after David Kuster's death transferring his interest to Mary, his surviving spouse. Exhibit G is the

certificate of transfer from the Licking County Probate Court transferring the property from Mary Kuster to Kurt Kuster and appellant, each having an undivided ½ interest. Exhibit H is a quitclaim deed transferring Kurt Kuster's undivided ½ interest in the property to appellant.

{¶17} Appellant filed a response to the motions on January 5, 2021. Appellant states he is "reluctant to disturb potential rights of others who may be benefitting from the well even though the well appears to be on Plaintiff's land. Plaintiff is also reluctant to claim ownership by reason of his parents' apparent registration with the State when competing interests appear to exist" with Taggart. Appellant states he "questions whether one can simply register voluntarily or involuntarily and thereby claim ownership," but did not include any argument, law, or case citations in support of this statement in his response.

{¶18} Appellant attached one exhibit to his response to the motions for summary judgment, the assignment dated November 2, 1979 from Richard Greer and John Garvin to Taggart. It provides that Greer and Garvin assigned to Taggart the, "oil and gas lease recorded in Lease Volume 125, page 374, Recorder's Office, Licking County, Ohio, together with the oil/gas well known as Bailey #1 (Permit #3099), together with all equipment and personal property associated therewith, and together with all oil and gas produced therefrom from and after the 14th day of November, 1979."

{¶19} The trial court issued a judgment entry on January 28, 2021 granting ODOT and the Bowmans' motions. The trial court found appellant did not present Civil Rule 56 evidence to rebut the arguments made by either ODOT or the Bowmans. The trial court stated that while appellant states he is reluctant to find ownership based only on

registration with ODNR, he provides no other legal support to maintain this claim. Further, appellant did not specifically address the remaining chain of title argument set forth by ODOT. With no additional evidence, the trial court found appellant simply reiterated the same facts as alleged in his complaint; that Taggart is the owner of the well.

{¶20} In addition to granting both ODOT and Mr. and Mrs. Bowman's motions, the trial court declared that appellant is the rightful owner of the Well. As a result, appellant assumes the rights and responsibilities of ownership pursuant to Chapter 1509, subject to the rights granted to Mr. and Mrs. Bowman under their 1987 deed.

{¶21} Appellant appeals the January 28, 2021 judgment entry of the Licking County Court of Common Pleas, and assigns the following as error:

{¶22} "I. THE TRIAL COURT ERRED IN ITS JUDGMENT AND ENTRY WHICH DETERMINED THE RIGHTS AND OWNERSHIP IN AND TO BAILEY WELL NO. 1."

*Summary Judgment Standard*

{¶23} Civil Rule 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶24} A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. Of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶25} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

I.

{¶26} Appellant contends the trial court committed error in granting both ODOT and the Bowmans' motions for summary judgment. The Bowmans and ODOT advance two separate arguments in support of the trial court's judgment.

{¶27} In his brief, appellant states he "questions" whether one can register with ODNR to claim ownership. Additionally, appellant believes if the oil and gas lease expired, his parents could not have registered the Well and claimed ownership.

*Chain of Title & ODNR Registration*

{¶28} Appellant states in his complaint that he is not the rightful owner of the Well because a competing interest in the Well "may" be held by Taggart through the lease that was originally signed on November 8, 1971.

{¶29} ODOT does not dispute the assignment of the lease to Taggart, but contends the trial court's judgment entry was correct pursuant to the registration of the Well with ODNR by David and Mary Kuster, and pursuant to R.C. 1509.31(A)(2).

{¶30} On July 7, 2006, David and Mary Kuster registered with ODNR as the owners of the Well and agreed to be bound by all provisions of Ohio Revised Code Chapter 1509. R.C. 1509.31(A)(1) provides that "no personal shall operate a well in this state unless the person first registers with and obtains an identification number from the chief of the division of oil and gas resources management." Thus, the Kusters' complied with this section in 2006 when they registered the Well and received an identification number.

{¶31} Since 2006, when the Kusters' submitted their registration, no other person has submitted a competing registration for ownership of the Well with ODNR. ODNR accepted their owner registration form, and the Kusters received identification number 8074 for the Well. Appellant took title to the property on which the Well is located from the registered owners of the Well with no intervening claims to ownership, either with

ODNR or through a recorded lease.  Appellant submitted no evidentiary material in response to ODOT's motion for summary judgment to dispute these assertions.

{¶32}  Further, when the lease was assigned to Taggart on November 2, 1979, he was the owner of the real property on which the Well was located.  Taggart took title to the real property on January 1, 1976, via deed.  The assignment of the lease to Taggart affected a merger of the rights and responsibilities in the Well to the landowner (Taggart) as set forth in R.C. 1509.31(A)(2).

{¶33}  R.C. 1509.31(A)(2) provides, in pertinent part:

* * * [U]pon assignment or transfer of the well to the landowner, the landowner becomes responsible for compliance with the requirements of this chapter and rules adopted under it, including, without limitation, the proper disposal of brine obtained from the well, the plugging of the well when it becomes incapable of producing oil or gas, and the restoration of the well site; and that, upon assignment or transfer of the well to the landowner, the landowner becomes responsible for the costs of compliance with the requirements of this chapter and rules adopted under it and the costs for operating and servicing the well.

{¶34}  Pursuant to R.C. 1509.31(A)(2), when the Well was assigned to Taggart, who already owned the land, he became responsible for compliance with Chapter 1509, including the costs of compliance with the Revised Code and the costs for operating and servicing the well.  Appellant presents no evidence that there were any other transfers, intervening leases, or assignments regarding the Well between November 1979 and appellant's acquisition of the property on June 25, 2019.  David and Mary Kuster

registered with ODNR in 2006, and agreed to be bound by Chapter 1509 of the Ohio Revised Code. Appellant presents no evidence that any other registration to ODNR has been submitted.

{¶35} Appellant questions whether ODNR registration is sufficient to prove ownership. While he asks this question, he makes no argument and cites no authorities, statutes, or parts of the record in either in his response to the motion for summary judgment or in his appellate brief to establish that the trial court was wrong to find him the owner of the well. Appellate Rule 16(A)(7). "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, quoting *State v. Carman*, 8th Dist. Cuyahoga No. 90512, 2008-Ohio-4368.

{¶36} In the absence of any evidence or argument to the contrary to create a genuine issue of material fact, we find the trial court did not commit error in granting ODOT's motion for summary judgment.

*Termination of Lease*

{¶37} Appellant states in his complaint that he is not the rightful owner of the Well because Taggart is the rightful owner pursuant to the lease. Mr. and Mrs. Bowman contend the trial court correctly granted their motion for summary judgment because the Taggart oil and gas lease expired by its own terms, pursuant to the habendum clause, when the lessee ceased producing any oil and gas from the Well.

{¶38} The Supreme Court of Ohio stated, "the rights and remedies of the parties to an oil or gas lease must be determined by the terms of the written instrument, and the law applicable to one form of lease may not be, and generally is not, applicable to another

and different form.  Such leases are contracts, and the terms of the contract with the law applicable to such terms must govern the rights and remedies of the parties."  *Harris v. Ohio Oil Co.*, 57 Ohio St. 118, 48 N.E. 502 (1897).

{¶39}  This Court has previously held as follows:

For the lessee or lessee's assignee to continue the secondary term of this lease and to give the assignee his ability to claim rights thereunder, he must continue to produce oil and gas, or either of them, from the leased premises. If after the expiration of the primary term the conditions of the secondary term are not continuing to be met, the lease terminates by the express terms of the contract herein and by operation of law and revests the leased estate in the lessor.

*American Energy Services, Inc. v. Lekan*, 75 Ohio App.3d 205, 598 N.E.2d 1315 (5th Dist. Ashland 1992); *Browne v. Artex Oil Co.*, 5th Dist. Guernsey No. 21CA000002, 2021-Ohio-2239; *Mauger v. Positron Energy Resources, Inc.*, 5th Dist. Morgan No. 14AP0001, 2014-Ohio-4613; *Swallie v. Rousenberg*, 190 Ohio App.3d 473, 2010-Ohio-4573, 942 N.E.2d 1109 (7th Dist.).

{¶40}  Potential for production is not enough to hold a lease in it secondary term. *American Energy Services, Inc. v. Lekan*, 75 Ohio App.3d 205, 598 N.E.2d 1315 (5th Dist. Ashland 1992).  Further, "the term 'produced' in a habendum clause means produced in paying quantities'," such that domestic use of oil or gas is insufficient. *Morrison v. Petro Evaluation Services, Inc.*, 5th Dist. Morrow No. 2004 CA 0004, 2005-Ohio-5640.

{¶41} The habendum clause in the lease in this case mirrors the habendum clause in *American Energy Service, Inc.* In this case, the habendum clause is two-tiered. The first tier, or the primary term, is of definite duration and is for three years. The second tier of the habendum clause, or the secondary term, is of indefinite duration and operates to extend the lease in the event oil or gas, or either of them, is produced by the lessee from the land.

{¶42} In order for Taggart to have maintained any interest under the lease, he must have continued to produce oil or gas from the Well. In Mr. Bowman's affidavit, he avers that, since 1987, he does not believe any gas has been produced, marketed, sold for commercial purposes from the Well, and, to the best of his knowledge, only the neighboring property owners have used gas from the Well. The production for household use for the property and the neighbors did not serve to extend the term of the lease. *Browne v. Artex Oil Co.*, 5th Dist. Guernsey No. 21CA000002, 2021-Ohio-2239. Appellant did not provide any evidence in his summary judgment response to dispute Mr. Bowman's averments, or demonstrate a genuine issue of material fact.

{¶43} The oil and gas lease was dependent upon the production of gas in paying quantities. The failure to produce gas in paying quantities expressly violated the terms of the habendum clause of the lease; therefore, the lease terminated by its own terms and the leasehold interest reverted back to the owner of the fee simple estate. See *Moore v. Adams*, 5th Dist. Tuscarawas No. 2007AP090066, 2008-Ohio-5953.

{¶44} In his brief, appellant states he "believes" if the oil and gas lease expired, David and Mary Kuster could not have registered the well and claimed ownership of the Well in 2006. However, appellant does not include any citations to authorities, statutes,

or parts of the record on which he relies in support of his argument, as required by Appellate Rule 16(A)(7). "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, quoting *State v. Carman*, 8th Dist. Cuyahoga No. 90512, 2008-Ohio-4368. Further, appellant provided no evidence to dispute Mr. Bowman's affidavit.

{¶45} In the absence of any evidence to create a genuine issue of material fact, we find the trial court did not commit error in granting summary judgment and finding appellant to be the rightful owner of the Well.

{¶46} Finally, appellant makes no argument in his summary judgment response or appellate brief as to why the Bowmans' easement and right of gas usage would be invalidated. Thus, the trial court did not commit error in finding appellant's rights in the Well are subject to the rights granted to the Bowmans under the 1987 deed.

{¶47} Based on the foregoing, appellant's assignment of error is overruled.

{¶48} The January 28, 2021 judgment entry of the Licking County Court of Common Pleas is affirmed.

By Gwin, J.,

Baldwin, P.J., and

Delaney, J., concur